GEORGE LUTLOPP, DEFENDANT IN ERROR, v. AUGUST
HECKMANN, PLAINTIFF IN ERROR.

Submitted December 8, 1903—Decided May 13, 1904.

1. The grounds of error should be definitely pointed out in an
   assignment or they will not be considered.
2. In an action of tort for an assault and battery, where the evi-
   dence shows *prima facie* that the assault was committed, the
   defence of *son assault demesne*, in order to be available, must be
   specially pleaded.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Crouse & Perkins.*

The opinion of the court was delivered by

HENDRICKSON, J.  This writ brings up for review a judg-
ment upon a *postea* from the Hudson Circuit.  The action
is in tort for assault and battery.  The alleged error com-
plained of arises out of the charge of the trial judge.  The
exception that was sealed was taken to this part of the
charge, to wit, "The result is that in either case the de-
fendant made an assault upon the plaintiff, and it is there-
fore your duty, upon either interpretation of the facts, to
return some verdict for the plaintiff."  The defendant's
contention is that but for this practical direction of the jury
that they should find some verdict, the facts would have
warranted a possible verdict for the defendant, or there were
such circumstances of mitigation that the verdict might have
been for nominal damages only.  At the outset we find a
barrier to any judicial examination of the alleged error.
There is no assignment of error that indicates the part of
the charge complained of.  The alleged error is defined in

the assignment as "error in the charge of the court to the jury, at the trial, of the issue joined in the cause herein," &c. The rule is that the grounds of error should be definitely pointed out by the assignment or they will not be considered. *Donnelly* v. *State,* 2 *Dutcher* 463, 512; *State* v. *Lewis,* 10 *Vroom* 501.

It may be proper to say, however, that even upon the merits of the point involved we find no error in this part of the charge. Admittedly, as a result of the altercation between the parties, the defendant gave the plaintiff a "good shove," causing the latter to fall upon the street with the defendant on the top of him, whereby the plaintiff's arm was broken. It is true the defendant says that before he did this he was struck by the plaintiff on the lip, but he nowhere says that what he did do was necessary to the lawful defence of his own person. The evidence for the plaintiff was not returned with the writ, but, taking the evidence for the defendant, it plainly appeared, *prima facie,* that the assault complained of was established.

Upon this point there was no question for the jury. The only defence suggested, or that could be raised in avoidance of liability, was that of self-defence. But no plea setting up such a defence had been filed, the defendant having gone to trial upon the general issue. There was an application made to amend in this respect at the trial, but it was refused by the trial judge, and no exception was taken to the ruling. But even if there had been, the exception could not have availed, since the matter was within the court's discretion. *Bruch* v. *Carter,* 3 *Vroom* 554. In order to set up in such case the defence of *son assault demesne,* it must be pleaded specially. 1 *Chit. Pl.* 501; 2 *East* 260, 274; *Cowp.* 18; 21 *Encycl. Pl. & Pr.*; *Bruch* v. *Carter, supra; Carson* v. *Wilson,* 6 *Halst.* 43. In the absence of such a plea the defence was rightly overruled. In this situation there was no error in the instruction complained of.

The result is that the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.    13.

*For reversal*—None.