GEORGE WILLIAMS v. PETER LUBBERING.

Submitted December 11, 1905—Decided February 26, 1906.

The landlord of an apartment-house which has a passageway through
    the cellar, through which tradesmen delivered supplies to the
    tenants, directed the plaintiff, his janitor, to keep the defendant
    off the premises.   The plaintiff attempted to prevent the defend-
    ant, who was delivering ice to a tenant, from entering the pas-
    sageway by shutting two iron doors, which, lying flat, closed the
    entrance, and. by himself standing upon the closed doors.   The
    defendant, for the purpose of entering, raised the doors, by which
    action the plaintiff was thrown against a window-frame.—*Held,*
    that the defendant had a right to pass through the passage, and a
    right to employ sufficient force to remove an obstacle, including
    the plaintiff, which barred his entrance.

---

On appeal from the District Court of the city of Hoboken.

Before Justices Fort, Garretson and Reed.

For the appellant, *Herbert Clark Gilson.*

For the appellee, *John J. Fallon.*

The opinion of the court was delivered by

Reed, J.   The action was for damages resulting to the plaintiff by an alleged assault and battery committed upon him by the defendant.

The facts sent up are these:   Williams, the plaintiff, was the janitor of an apartment-house in Hoboken belonging to one Lawrence Fagan.   The defendant was accustomed to deliver ice to a number of tenants of the different apartments in the building.   With one, at least, of these tenants he had an arrangement by which he was to deliver ice on June 1st, 1905, the day of the alleged assault.   The plaintiff swore that the landlord, Fagan, had directed him to keep defendant off the premises, and that he had told defendant of these orders. He swore that the way or entry for tradesmen delivering supplies was by way of some stone steps leading from the sidewalk to an entrance to the cellar.   It was through this entrance that the defendant had been accustomed to deliver ice to the several families in the building, and he had been notified of no other entrance.   The opening to the steps, when closed, was covered by two iron doors lying flat.

On June 1st, when defendant approached with a piece of ice in his ice-tongs, the plaintiff stood on the cellar steps and waved the defendant back, and said to him, "I told you not to come in."   Defendant pushed the plaintiff aside and went into the cellar.   After the defendant had delivered his ice and left the cellar, the plaintiff shut down the iron doors and stood upon them.   Defendant approached with a piece of ice in his ice-tongs and tried to enter the cellar, the plaintiff standing upon the iron doors to prevent his entrance.   The defendant raised one of the iron doors, shaking the plaintiff off the doors, so that he fell against the window-frame.

The counsel for the defendant moved for a nonsuit at the

end of the plaintiff's case and for the direction of a verdict
for the defendant at the close of the entire case. The court
overruled both motions and charged the jury that the defend-
ant had no right to assault the plaintiff for the purpose of
forcing an entrance to the premises. To this charge counsel
for the defendant excepted.

From the above state of facts it appears that the way
through the cellar was used in common by the tenants of the
apartment-house for the purpose of receiving commodities
used in their domestic life. Each tenant had a right to use
this way for this purpose, so long as he used it in an orderly
and customary manner.

When a landlord rents apartments to another he impliedly
grants all that is indispensable for their free use and full en-
joyment, and he cannot deprive a lessee of ingress and egress
to such apartments at all hours and times. *Lane* v. *Dixon,*
3 *Man., G. & S.* 776.

Nor can the landlord object to the free use of the bell and
knocker, halls, staircase or passageways, or any of the neces-
sary adjuncts of his furnished apartments, unless it be other-
wise stipulated at the time of the taking of the apartments.
*Underwood* v. *Burrows,* 7 *C. & P.* 26; *Maclennan* v. *Insurance
Company,* 39 *U. C. R.* 515.

Not only is the lessor himself entitled to egress and ingress,
but so are those who visit him. To such the landlord who
controls the entrance is liable for any injury resulting from
an imperfectly-constructed or repaired or lighted passage.
The landlord is liable because such persons are not tres-
passers, but are exercising a legal right to use the passage.
In the language of Mr. Justice Magie, the use of the apart-
ments and dwelling necessitates the use of the passage by
tradesmen in delivering goods, by persons having other busi-
ness with the occupants, and by those who visit him for social
purposes. *Gleason* v. *Boehm,* 29 *Vroom* 475, 477.

Now, if the tenant himself, and his visitors and the trades-
men delivering goods have a right to pass through such a
passage, the landlord has no authority to prevent the enjoy-
ment of such right, so long as it is exercised in a proper man-

ner.  Nor has the landlord the right to select the visitors or
the tradesmen or the tradesmen's servants, so long at least as
they are decent in character and behavior.  The tenant is at
liberty to receive whom he pleases and engage any tradesman
or deal with any merchant at his pleasure.

The defendant having a right to use this way, he had a
right to remove any obstruction which deprived him of this
use, and if that obstruction was in part the person of the
plaintiff, the defendant had a right, after warning the plaint-
iff of his purpose, to use adequate force to remove him.  The
rule which prescribes forcible eviction by landlords who have
a right of possession (*Thiel* v. *Bull's Ferry Land Co.,* 29
*Vroom* 212) rests upon the Forcible Entry and Detainer act,
and has no pertinency to the present situation.

The trial judge should at least have left to the jury the
question whether the defendant used excessive physical force
in removing the plaintiff as an obstruction to the exercise of
his right to use the passage.