RAY D. HILL, DEFENDANT IN ERROR, v. ROBERT C. MAXWELL, PLAINTIFF IN ERROR.

Submitted March 23, 1909—Decided June 14, 1909.

In a civil action for damages for assault and battery the defendant was asked whether he had been indicted for assault and battery upon the plaintiff, for the particular occurrence that was the subject-matter of the civil suit; and whether he had not pleaded *non vult* to simple battery under that indictment.  *Held*—
(1) That the question was proper for the purpose of affecting defendant's credibility.

(2) Where the court allowed the question upon two grounds, one of which was legal and the other not. the illegal aspect of the question cannot be taken advantage of upon writ of error unless the record discloses that the court's attention was directed to the alleged illegality and request made that the effect of the testimony be limited to its legal use.

On error to the Supreme Court.

For the plaintiff in error, *John H. Backes.*

For the defendant in error, *Scott Scammell.*

The opinion of the court was delivered by

MINTURN, J.   Upon the trial of a civil suit for assault and battery between these parties, the attorney for the plaintiff put the following question upon cross-examination to the defendant: "Mr. Maxwell, you were indicted by the grand jury of this county for an assault and battery upon Hill, for the particular occurrence that is the subject-matter of this suit, were you not? And did you not, on March 19th, 1908, plead *non vult* to simple battery under that indictment?" The question was objected to, the objection was overruled, and the court stated: "My judgment is that the testimony is relevant in the suit; and that it is competent as being a declaration of the witness from which it may be argued that a statement has been made in contradiction to the one being testified to."

The exception brought up by this writ of error is directed to the legality of that ruling. This court in *State* v. *Henson,* 37 *Vroom* 601, held that a defendant on trial for a crime, who offers himself as a witness, may be asked on his cross-examination, whether he has pleaded *non vult contendere* to an indictment for petit larceny for the purpose of affecting his credibility; and also that a conviction for assault and battery might be shown for the same purpose; and this result was reached after a most thorough review by Mr. Justice Van Syckel of the history of the Evidence act in this state. The first section of that act as it now exists, provides that "No person offered

as a witness in any action or proceeding of a civil or criminal nature, shall be excluded by reason of his having been convicted of crime; but such conviction may be shown on the cross-examination of the witness, or by the production of the record thereof, for the purpose of affecting his credit." *Pamph. L.* 1900, *p.* 362, § 1.

In the case at bar, we consider the reasoning applied in the Henson case equally cogent to admit asking the question in issue, as affecting the defendant's credibility; and upon that ground we deem it admissible under the provisions of the Evidence act.

Nor is it material from that point of view that the trial judge expressed an opinion that the question was competent in two aspects of the case, when it was in reality competent in but one; for the reason that if its competency in either aspect be conceded, its illegal aspect cannot be taken advantage of upon this writ of error, particularly when the only ground of objection urged was that generally of illegality.

To test the correctness of the court's ruling as expressed, the attention of the court should have been directed by objection to the specific error complained of; and a request should have been made that the evidential effect of the testimony before the jury should be limited to its use in impeaching the credibility of the witness; and not extended for the purpose of contradicting anything previously testified to by the witness in the criminal case. Whether or not the testimony was illicit for the latter purpose we do not now decide.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, REED, TRENCHARD, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL, CONGDON, J.J.    12.

*For reversal*—SWAYZE, PARKER, BERGEN, J.J.    3.