MARY BENZ, ADMINISTRATRIX, DEFENDANT IN ERROR, v. THE CENTRAL RAILROAD OF NEW JERSEY, PLAINTIFF IN ERROR.

Submitted December 7, 1911—Decided March 5, 1912.

1. Errors not presented by a bill of exceptions will not be reviewed.
2. A ground of error not pointed out by any assignment will not be considered.

On error to the Essex Circuit Court.

Before Justices GARRISON, PARKER and BERGEN.

For the plaintiff in error, *Charles E. Miller* and *George Holmes.*

For the defendant in error, *Samuel Kalisch, Jr.*

The opinion of the court was delivered by

GARRISON, J. Upon the merits presented by this writ of error touching the liability of the defendant and the plaintiff's right of recovery our conclusion is in accordance with the rulings of the trial court. The fact that the deceased got on the step of the car from the wrong side, which was the main ground upon which the motion for a direction was based, was not a conclusive circumstance. It was indeed the occasion of the accident, but not, in view of what followed, its proximate or efficient cause. It did not of itself therefore establish the contributory negligence of the deceased or absolve the defendant from using care for his safety. In fine, it was a fact to be considered by the jury, not a circumstance to which conclusive effect should be given by the court.

The rulings upon evidence and the charge of the court upon the same topic were not erroneous.

The sufficiency of the judge's charge upon the measure of damages is challenged by an assignment that consists of an extended quotation from the charge.

The specific ground of complaint taken in the brief is that the judge did not tell the jury that they were to take into consideration the expectancy of life of the widow and children of the deceased who are the beneficiaries of the suit. Counsel's failure to prefer a request covering this point may be explained by his supposing that it would be covered by the charge. When, however, counsel, having heard the charge, knew that the point was not covered, it was his duty, if he desired to have the point covered or to avail himself of its omission, to request the judge to charge it, or at least to pray an exception to the omission so to do. *Dunne* v. *Jersey City Galvanizing Co.*, 44 *Vroom* 586.

He did neither, although from his remark at the time it is evident that he was aware of the omission of which he now complains. Such remark was not in form or effect a request to charge and formed no part of his prayer for an exception which was specifically "to that portion of the charge wherein your honor instructed the jury as to the length of time that Benz might earn the money." The exception allowed by the court was equally explicit, viz.: "You may have an exception to what I said on that subject."

It must be clear beyond discussion that an exception to what the judge had said upon one subject had no tendency to except to what he had failed to say on a totally different subject. The rule that requires that an exception be specific and that counsel in asking for its allowance shall point out to the trial judge the error into which counsel thinks he has fallen has for its prime object the correction of such error then and there. The correction of such error by an appellate court at some future time is a secondary consideration that grows out of the refusal of the trial court to correct its own errors.

The rule therefore is based on no technical or captious grounds, but, on the contrary, is essential to the administration of justice with due regard to private interests and the public policy against needless litigation. Common sense and common fairness alike require that if counsel notices a slip in judicial language, or what he deems the commission of legal error in the conduct of the trial, he shall call the judge's at-

tention to it at a time and in a manner conducive to its correction at the trial. It is solely upon the assumption that this has been done that the right of review rests, appellate courts uniformly refusing to give to an unsuccessful litigant the benefit of a trial error that he himself could have had corrected at the trial for the mere asking.

Upon this assumption to satisfy the appellate court that an error has been committed is to satisfy it that it would have been corrected if brought to the attention of the trial court, hence, where this was not done, the abiding presumption is that the correction of the error at the trial was not desired by the party that now complains of it. Not only, however, is there in the present case no bill of exceptions that raised the point counsel now relies upon, but there is no assignment of error that raises it in this court. The assignment is "because the court charged the jury as follows," and here follows a quotation of two pages of printed matter covering what the judge said to the jury on the question of damages.

The argument based on this assignment as stated in the brief of counsel (and the case is submitted on briefs) is: "This instruction is too narrow, for it left out of view the question as to how long the next of kin would have received any pecuniary benefit from the continuance of Benz's life." In other words, an assignment of error directed solely at what the court had said is sought to be supported solely by what the court had not said, *i. e.,* had failed to say.

Clearly the assignment does not point out the error now argued and relied upon. The two page quotation from the charge, which constitutes the assignment, covers a large number of legal propositions, no one of which, it now appears, is the subject of plaintiff in error's criticism or animadversion which is directed solely at something that was omitted from the charge, but what that something was is not even remotely suggested by anything in the assignment.

Such an assignment presents nothing for the decision of the appellate court. *Lutlopp* v. *Heckmann,* 41 *Vroom* 272.

The judgment of the Circuit Court is affirmed.