SARAH KARGMAN AND MEYER KARGMAN, PLAINTIFFS
AND RESPONDENTS, v. ANTONIO CARLO, DEFENDANT
AND APPELLANT.

Argued November 25, 1913—Decided March 16, 1914.

1. A complaint discloses a cause of action which avers in effect that the defendant was the owner of a tenement-house; that he reserved to himself the control and lighting of the hallways thereof; that he was bound to provide necessary and sufficient lights in such hallways, and to keep a proper light burning in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, every night from sunset each day until ten o'clock each evening; that he negligently maintained such hallways in a darkened and unlightened condition and wholly failed to provide any such lights, and that the plaintiff, while lawfully using such hallways, and while passing down said stairs at the first floor, by reason of the absence of such lights, and without any negligence on her part, fell and was injured.

2. Section 126 of the Tenement-House act (*Pamph. L.* 1904, *p.* 126; 4 *Comp. Stat.* 1910, *p.* 5341) properly construed, requires the owner of a tenement-house over two stories high to keep burning a proper light in the public hallways, near the stairs, upon every floor, between sunset and ten o'clock each evening.

3. The abolition of "bills of exceptions" by section 25 of the Practice act, 1912, does away with the requirement that exceptions be signed and sealed by the trial judge, but does not abrogate the general rule that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling.

4. Where the evidence tends to show the defendant's breach of the duty imposed by section 126 of the Tenement-House act (*Pamph. L.* 1904, *p.* 126; 4 *Comp. Stat.* 1910, *p.* 5341) to keep burning a proper light in the public hallways of his tenement-house from sunset until ten o'clock each evening, and that such breach of duty was the proximate cause of plaintiff's injury, sustained while using the stairs to visit a tenant, the question of the defendant's negligence is for the jury.

5. One using the stairs of a tenement-house for the purpose of visiting a tenant upon the third floor, and injured by reason of the owner's failure to keep burning proper lights in the public hallways, as required by section 126 of the Tenement-House act (*Pamph. L.* 1904, *p.* 126; 4 *Comp. Stat.* 1910, *p.* 5341) cannot be said as a matter of law to be guilty of contributory negligence or to have assumed the risk in descending the unlighted stairs when it appeared that she was accompanied and preceded in the

descent by another who was familiar with the stairs, and where it was open to the jury to find that she proceeded carefully.

6. An instruction to the jury in a civil case will not be reviewed unless the record discloses that an objection to such instruction was duly made or such instruction otherwise challenged at the trial.

7. So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions to the jury is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.

8. No judgment will be reversed on the ground of misdirection, or the improper admission or exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party.

On appeal from a judgment of the Supreme Court.

For the appellant, *James H. Dougherty* and *Aaron A. Melniker.*

For the respondents, *David Lisnow.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by Sarah Kargman and Meyer Kargman, her husband, to recover from the defendant, Antonio Carlo, damages for an injury suffered by the plaintiff Sarah Kargman, at six forty-five o'clock in the evening of the 21st day of December, 1912, by falling, by reason of the absence of lights, while she was descending a stairway which she used in visiting a tenant on the third floor of the tenement-house owned and controlled by the defendant.

The jury at the Hudson Circuit rendered a verdict for the plaintiffs and the defendant appeals from the consequent judgment.

The first ground of appeal is that "the complaint discloses no cause of action."

We have not stopped to consider whether, under the method employed, this question was properly raised at the trial, for the reason that the objection is clearly without merit.

The complaint was loosely drawn. But as it stood after the amendment, it averred, in effect, that the defendant was the owner of a tenement-house; that he reserved to himself the control and lighting of the hallways thereof; that he was bound to provide necessary and sufficient lights in such hallways, and to keep a proper light burning in the public hallways, near the stairs, upon the entrance floor, and upon the second floor every night, from sunset each day until ten o'clock each evening; that he negligently maintained such hallways in a darkened and unlighted condition and wholly omitted to provide any such lights; and that the plaintiff Sarah Kargman, while lawfully using such hallways, and while passing down said stairs at the first floor, by reason of the absence of such lights, and without any negligence on her part, fell and was injured.

That, we think, states a cause of action.

It will be observed that negligence is charged in two aspects: *first,* the failure to perform the duty imposed by the general principles of the common law, and *second,* the failure to perform the duty imposed by the statute known as the Tenement-House act.

That the complaint charges actionable negligence under the principles of the common law does not seem to be seriously disputed, and that, no doubt, is a sufficient answer to the objection that it does not state a cause of action.

But we may as well here deal with the argument which runs through several of the grounds of appeal to the effect that the statute imposed no duty upon the defendant to maintain a light upon the second floor, *i. e.,* the floor next above the entrance floor.

Now section 126 of the Tenement-House act (*Pamph. L.* 1894, *p.* 126; 4 *Comp. Stat.* 1910, *p.* 5341) provides: "In every tenement-house now existing or hereafter erected a proper light shall be kept burning by the owner, in the public hallways, near the stairs, upon the entrance floor; and in every tenement-house, over two stories high, such a light shall also be kept burning upon the second floor above the entrance floor of such house every night, throughout the entire year,

and upon all other floors of such tenement-house from sunset each day until ten o'clock each evening; where the public halls and stairs are not provided with windows opening directly to the street or yard, and such halls and stairs are, in the opinion of the board, not sufficiently lighted, the owner of such house shall keep a proper light burning in the hallway near the stairs upon each floor as may be necessary, from sunrise to sunset, and all such lights shall be so arranged as to effectually guard against fire."

Having due regard to the whole of this section we think it should be construed as interposing a comma after the words "second floor," so that the second floor, above the entrance floor, will mean the floor above the entrance floor usually known as the second floor. This will make a logical and sensible interpretation of the act. So then we hold that the obligation of the owner of a tenement-house over two stories high is to keep burning a proper light in the public hallways, near the stairs, upon every floor, between sunset and ten o'clock each evening. Indeed that was the view we took of the statute in *Pesin* v. *Jugovich, ante p.* 256, although that decision was not with special reference to the obligation to maintain a light upon the *second* floor.

The defendant next contends that the trial judge erroneously excluded evidence offered by him and erroneously admitted evidence offered by the plaintiffs.

But so far as the record discloses the defendant acquiesced in these rulings because no objection or other protest was made against any of them at the time. And the rule is that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling.

The reason for this rule may be gathered from the remarks of Mr. Justice Garrison in *Benz* v. *Central Railroad of New Jersey,* 53 *Vroom* 197. It is not based on technical or captious grounds, but, on the contrary, is essential to the administration of justice with due regard to private interests

and the policy against needless litigation.   Common sense and common fairness alike require that if counsel thinks the trial judge has fallen into legal error he should call attention to it at a time and in such manner that the judge may know that his ruling is to be made a ground of appeal, and thereby afford an opportunity to the judge to revise his ruling and to opposing counsel to modify his position so as to save error. Where at the trial the attention of the judge is not called to an alleged error the abiding presumption will be that the correction of the error at the trial was not desired by the party who complains of it on appeal.

Perhaps no better form of expression can be devised to advise the judge that his ruling is to be made the subject of review than for counsel to say: "I desire to note an exception."

It is true that by section 25 of the Practice act (*Pamph. L.* 1912, *p.* 382), "bills of exceptions and writs of error in civil cases are abolished." That abolished the old time bills of exception which consisted either in writing out the exception and presenting it to the judge to be signed and sealed, or in handing up a stenographic transcript with the stenographic exceptions noted and having that actually signed and sealed. The objection or exception which must now be noted is no longer "prayed" by counsel. It is not addressed to the discretion of the judge. It is made and should be noted as a matter of right and the grounds of the objection or exception should be stated as heretofore.

It is next urged that the trial judge erred in refusing to nonsuit the plaintiffs and to direct a verdict for the defendant.

We think not. The motions were based upon the contention that there was no evidence of negligence of the defendant, and that the plaintiff Sarah Kargman was guilty of contributory negligence and assumed the risk.

The question of the defendant's negligence was for the jury.

It was conceded that he was the owner of the tenement-house. The evidence tended to show that when the plaintiff

Sarah Kargman, who had been visiting a tenant who lived upon the third floor, attempted at six forty-five P. M. to descend the stairs leading from the second floor to the entrance floor, there was no light burning in the hallway on either floor, though it was after sunset, and that by reason of the darkness she fell and was injured. Now in *Pesin* v. *Jugovich, supra,* we held that where the evidence shows that the defendant's breach of the duty imposed by section 126 of the Tenement-House act (*Pamph. L.* 1904, *p.* 126; 4 *Comp. Stat., p.* 5341), to keep burning a proper light in the public hallways of his tenement-house from sunset until ten o'clock each evening, and where it is open to the jury to find that such breach of duty was the proximate cause of the plaintiff's injury, the plaintiff is entitled to go to the jury unless it can be said as a matter of law either that the plaintiff's negligent conduct contributed to the injury or that he assumed the risk.

So far as the obligation of the defendant to the plaintiff is concerned that case differs from this case only in this: there the plaintiff was visiting the premises for business purposes and here for social purposes. That, of course, constitutes no essential difference. *Williams* v. *Lubbering,* 44 *Vroom* 317, 319. In each case the plaintiff was one of the class of persons for whose benefit the duty is imposed. *Fielders* v. *North Jersey Street Railway Co,* 39 *Id.* 343; *Sonn* v. *Erie Railroad Co,* 37 *Id.* 428; *Weller* v. *McCormick,* 23 *Id.* 472.

Neither can it be said as a matter of law that the plaintiff Sarah Kargman was guilty of contributory negligence or that she assumed the risk. In descending the stairs she was accompanied by the brother of the woman whom she had been visiting upon the third floor. He was familiar with the stairs and preceded her in the descent. The evidence tends to show that she proceeded carefully. Whether her conduct in using the unlighted stairs under these circumstances was such as an ordinarily prudent person would have pursued under the conditions existing at the time, was a matter about which fair-minded men might honestly differ, and hence it

cannot be said as a matter of law that she was guilty of contributory negligence or assumed the risk.

It is next argued that the court erred in instructing the jury.

With respect to several of the matters now complained of it is sufficient to say that no objection or other challenge was interposed to the instructions at the trial, and hence they will not be reviewed.

What we have said with respect to the necessity of objections to rulings relating to evidence applies here likewise. If counsel notices a slip in judicial language he should call the judge's attention to it. It is solely upon the assumption that this has been done that the right of review rests; appellate courts uniformly refusing to give to an unsuccessful litigant the benefit of a trial error that he himself could have had corrected at the trial for the mere asking. *Benz* v. *Central Railroad of New Jersey, supra.*

With respect to other instructions, said to be erroneous in law and as to assumptions of matters of fact, and to which objections were made at the trial, it is sufficient to say that we have examined them in the light of the entire charge, and find no error in them, when properly tested. So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.

What we have said disposes of, in effect, most of the grounds of appeal. With respect to the others it is enough to say that no judgment will be reversed on the ground of misdirection, or the improper admission or exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party. *Practice act* 1912, *p.* 382, § 27. We find no such error.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VRE-DENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 12.

*For reversal*—None.