GEORGE L. VANSCIVER, APPELLANT, v. PUBLIC SERVICE
RAILWAY COMPANY, RESPONDENT.

Submitted March 17, 1921—Decided June 13, 1921.

1. The extent to which a trial court shall go in referring to the evidence in the charge to the jury is a matter resting entirely in the discretion of that court, and an appeal will not lie to review the exercise of that discretion.
2. The omission of a trial judge to instruct a jury with relation to a particular matter is not assignable as a ground for reversal unless such instruction be specially requested.
3. Where the automobile of the plaintiff was damaged in a collision, and then sold by plaintiff without any repairs having been made thereon, the measure of damages is the difference between the value of the automobile before it was injured and the price which was received for it from the purchaser.

On appeal from the Camden County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the appellant, *William C. French* and *Samuel T. French*.

For the respondent, *Lefferts S. Hoffman* and *Leonard J. Tynan*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this action brought suit to recover compensation for the pecuniary loss sustained by him by reason of injuries to his automobile truck resulting from a collision with a car of the respondent company. At the trial the defendant admitted liability and the only question left for determination was the amount of damages to which the plaintiff was entitled. The jury awarded him $800, and from the judgment entered on this verdict he appeals.

The first and second grounds of appeal submitted by the appellant are (1) that the verdict was against the weight of the evidence, and (2) that the sum awarded was entirely inadequate to compensate the plaintiff for his loss. It is enough to say in disposing of these two matters that they cannot be considered by an appellate tribunal; the only matters properly coming before it for determination are alleged errors committed by the court during the trial of the cause.

Next, it is said that this judgment should be reversed because the trial court failed to call to the attention of the jury certain testimony submitted by the appellant bearing upon the question of the value of the automobile truck before the collision. This ground of reversal is without merit. In the first place, the extent to which the trial court shall go in referring to the evidence in the charge to the jury is a matter resting entirely in the discretion of that court, and an appeal will not

lie to review the exercise of that discretion. In the second place, the omission of a trial judge to instruct a jury with relation to a particular matter is not assignable as a ground for reversal, unless such instruction be specially requested; and no request bearing upon the matter referred to in this specification was submitted by the appellant.

Lastly, it is said that the court erred in its instruction to the jury with relation to the method by which the plaintiff's damages should be admeasured. The situation at the close of the case bearing upon the question of the loss sustained by the plaintiff was this: There was proof of the value of the automobile truck before the accident occurred. The plaintiff had admitted that after the accident the truck was sold without any repairs having been made upon it, and that the purchase price was $1,000. Prior to this admission evidence had been submitted by him showing that the cost of repairing the truck and restoring it to the condition in which it was just before the accident would be in the neighborhood of $3,000; and his contention before the court and jury was that the amount which he was entitled to recover was the cost which would be incurred in repairing the automobile and making it as good as it was before the accident; in other words, the sum of $3,000, providing the jury should consider that a reasonable estimate of the cost of repair. The trial judge in dealing with the matter instructed the jury that they should disregard all evidence relating to the estimated cost of repair and award the plaintiff the difference between the value of the car just before the accident, as they should determine it, and the purchase price received by the plaintiff on the sale of the car after the accident, namely, $1,000. So far as the plaintiff is concerned, we think the instruction was entirely accurate. His right of recovery was limited to compensation. The loss sustained by him, through the wrongful act of the defendant, was the difference between the value of the car before it had been damaged by the collision and what he got for it afterward. If the price for which it was sold was less than its value as it stood, he cannot hold the defendant responsible for the loss resulting from the sale at a less price than it was worth. Ab-

stractly speaking, the measure of damages in a case like this is the difference between the value of the truck before it was injured and its value afterward; and its value afterward, so far as the plaintiff is concerned, is fixed by the price which he receives for it from the purchaser, in case he sells it without any repairs having been made on it. If, after the sale, the purchaser sees fit to have the car repaired, the cost of so doing is a matter of no concern to the vendor, and the amount of his loss cannot at all be affected by such subsequent act of the vendee.

The judgment under review will be affirmed.