The subject-matter of the litigation involved in this case is the condemnation of land for a public playground. Commissioners to fix the compensation to be paid for the land taken were duly appointed and an award therefor was made. An appeal from the award was taken to the Circuit Court of Hudson county. The case on appeal was tried before Judge Henry E. Ackerson with a jury.
From the judgment entered on the verdict of the jury an appeal was taken to the Supreme Court. That court reversed the judgment so entered on the ground that three photographs (Exhibits 8, 9,10) were illegally admitted in evidence by the trial court. These pictures showed certain pieces of sidewalk that had been laid over piling. From the ruling of the Supreme Court reversing the judgment of the Hudson Circuit Court, an appeal was taken to this court. Our reading of the record leads us to the conclusion that the Supreme Court fell into error in reversing the judgment. In order to make clear the point involved, a short summarized statement of some of the essential facts is necessary. The land taken is part of the estate of Steffen Dieckmann, in the town of West New York, Hudson county; beginning at a point formed by the intersection of the northerly line of Tenth street and the westerly line of Broadway, running along the westerly line of Broadway seven hundred feet to the southerly line of Thirteenth street; along the southerly line of Thirteenth street two hundred and eighty feet to the easterly line of the right of way of the Palisade railroad, then along the easterly line of the Palisade railroad seven hundred feet to the northerly line of Tenth street; easterly along the northerly line of Tenth street two hundred and eighty feet to the place of beginning. So, the tract of land taken consists of three contiguous blocks running from Tenth to Thirteenth streets.
Mr. Frank J. Oleri, the engineer of the town of West New York, in company with Mr. Dunham, an engineer representing the landowners, made borings or soundings of the above-described lot of land. Elihu Stevens, an engineer and contractor, *Page 421 
testified what would be necessary to pile each lot; piles about thirty feet long, thirty to thirty-five feet; fifty piles to the lot; the lots being twenty-five by ninety feet. Real estate agents testified as to the value of this property by lot, and of sales of other lots and property in the vicinity.
Mr. Oleri, being recalled, testified that he had been also an assessment commissioner in the town of West New York; that he was familiar with the lands. He was shown a photograph representing a view of Thirteenth street improvement from Broadway looking east. So, a photograph taken at Tenth street opposite the church. So, of Tenth street looking west from Broadway, that shows the condition of the sidewalk; it is sunk at the house line and at the curb also. So, the corner section of Broadway and Tenth street. So, at Thirteenth street looking southwest. So, at Tenth street looking north. All these photographs, seven in number, were admitted without objection. Then a photograph was produced which purports to show the condition of Ninth street. This was objected to. The court — "You will satisfy me that it is the same character of land." The witness — "A. They are the same boggy condition, and boggy area exists clear up to Fourteenth street." The court — "All up to Fourteenth street?" The witness — "All up to Fourteenth street." The court — "How long have you known this tract?" The witness — "About fifteen years." The witness — "This point from the land being condemned is approximately two hundred and seventy-five feet." The photograph was admitted in evidence, an exception noted. This photograph was marked Exhibit 8. It represents a condition of Ninth street east of Broadway. So, a photograph of Ninth street looking east from Dewey avenue showing both sides of the street. This shows the same street as Exhibit8, i.e., Ninth street, except it was taken at a different angle, this also was admitted in evidence as Exhibit 9, an exception being noted. So, a photograph purporting to show a view of Ninth street taken at about Broadway looking east. This, when offered, was objected to and admitted in evidence as Exhibit 10, when admitted in evidence, however, no objection was made to the ruling of the court admitting the photograph or *Page 422 
grounds stated against its admission. So, photographs showing a view of Tenth street, Exhibit 11. So, a photograph showing a view of Tenth street and Broadway, looking east, Exhibit 12.
So, a photograph purporting to show a close up view of the Conradi house directly opposite the site admitted as Exhibit13. These last three photographs were admitted in evidence without objection. Under the case of Kargman v. Carlo,85 N.J.L. 632, 636, which has been cited with approval by this court in many cases (Laure v. Singer, 98 Id. 106), objection or exceptions must be noted and the ground of exception should be stated, we need not, therefore, consider the photograph (Exhibit 10), as no objection was made to the ruling of the court or any grounds stated for its exclusion, after the court ruled that it was admissible. But let that be as it may. We think all three of the photographs (Exhibits 8, 9, 10) were properly admitted in evidence by the trial judge. They purported to show the situation approximately two hundred and seventy-five feet distant from the land under condemnation. The reasons advanced in the Supreme Court for rejecting these photographs (Exhibits 8,9, 10) were because "these pictures were not offered to show general conditions but avowedly to show a special condition at a particular spot due in part to alleged artificial interference not contemplated as to the lands in question. * * * They showed conditions not on the property taken, but on other property." Even if this be conceded, yet it does not follow that the trial court was in error in admitting the photographic pictures. They were admissible to show general conditions under the evidence in the record.
If they were admissible for any purpose, it was not error to receive them in evidence, even though the trial judge gave a wrong reason (which he did not) for receiving them, and even though they were offered as stated by the Supreme Court, to show a special condition at a particular spot, which was a wrong purpose. Hill v. Maxwell, 77 N.J.L. 766; State v.Terry, 91 Id. 539, 543; 1 Wigm. Ev. 40, § 13; 23 Corp.Jur. 56, § 1798. In 77 N.J.L. 766, it was held evidence considered from two aspects, but competent in one only, is admissible and such ruling is not error. The remedy *Page 423 
was for the defendant's counsel to ask a cautionary instruction limiting the effect and scope of the evidence. Perry v. Levy,87 Id. 670; Trenton Passenger Railway Co. v. Cooper, 60Id. 219. Evidence, legal for one purpose, cannot be excluded because the jury may erroneously use it for another purpose.Ibid.
But, under many cases in this court, of which Brown v. NewJersey, c., Railroad Co., 76 N.J.L. 795; Manda v. City ofOrange, 82 Id. 686; Ross v. Commissioners, c., 90 Id.461, are illustrative; it is a matter largely in the discretion of the trial judge, as to how far he will permit evidence of collateral conditions, and unless it is clear that his discretion has been abused, the appellate court will not disturb the ruling. There is evidence in the record from which the court could clearly determine that there were similar conditions, in so far as the boggy nature of the soil was concerned. There was abundant proof from both sides that the property under condemnation, in part, at least, would require piling to make it profitable, and when it appears that the conditions below the surface are much the same, it was entirely competent to show what had happened under these conditions. No piles had yet been placed in the condemned property, and it was of prime importance that the jury should know what the effect of piling would be. The experience of another piece of land approximately two hundred and seventy-five feet distant of the same general character of soil would be the strongest evidence of what might be expected from the rest, and it was therefore a relevant circumstance to make the inquiry. The trial judge exercised a discretion which ought not to be disturbed.
It may not be amiss to add what these photographs revealed had been testified to quite fully without objection, so that, in any event, their admission was quite harmless, as it seems to us, hence, under the Practice act of Pamph. L. 1912, p. 382, § 27. No judgment should be reversed for the improper admission of evidence, unless, after an examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party. *Page 424 
The judgment of the Supreme Court is reversed, and the judgment of the Hudson County Circuit Court is affirmed.
For affirmance — None.
For reversal — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.