HARRY UNGER, PLAINTIFF-RESPONDENT, v. NOXON CHEMICAL PRODUCTS COMPANY, INCORPORATED, AND RALPH NOTTEBAUM, Sr., DEFENDANTS-APPELLANTS.

Submitted January term, 1932—Decided April 15, 1933.

Before Justices PARKER and CASE.

For the plaintiff-respondent, *Riker & Riker.*

For the defendants-appellants, *George F. Seymour, Jr.*

PER CURIAM.

The appeal is by the defendants from a judgment on a jury verdict of $1,450 against them and in favor of the plaintiff in the Essex Common Pleas. The claim sued upon was in the amount of $3,000 for legal services alleged to have been rendered by the plaintiff under employment by the defendants.

The first ground of appeal is that the trial court denied the defendants' motion for a nonsuit. The argument thereunder is that the plaintiff's pleadings disclosed, and that the testimony given in plaintiff's behalf proves, that the claim against the corporate defendant constitutes a separate and distinct cause of action from that against Nottebaum. Paragraph 2 of the complaint alleges "that on or about February 25th, 1925, the plaintiff was retained by the defendants to represent them in certain legal matters and in pursuance of said employment and between the dates of February 25th, 1925, and April 8th, 1925, plaintiff rendered the following services: To all services rendered by plaintiff for the defendants in the case of William J. Robb against Noxon Chemical Products

Company, Incorporated, in the United States District Court for the District of New Jersey;" then follows a statement, itemized day by day, of the services said to have been rendered. Paragraph 3 alleges that "the reasonable value of said services is the sum of $3,000, which the defendants promised and agreed to pay." Plaintiff testified that he was employed by Nottebaum, president of the corporate defendant and owner of the majority of the stock therein, to render those services on behalf of the corporation and of Nottebaum individually. Joint liability was sufficiently pleaded and proved to take that question to the jury.

The second ground of appeal is that the verdict as rendered by the jury was not dispositive of the cause of action of the plaintiff against the defendant Ralph Nottebaum, Sr., for the personal services rendered by the plaintiff and for the defendant Ralph Nottebaum, Sr. This does not indicate a proper ground of appeal. The only matters properly before an appellate tribunal for determination are alleged errors committed by the court during the trial of the cause. *Ralz* v. *Hillside Bus Owners' Association,* 103 *N. J. L.* 502; 135 *Atl. Rep.* 887; *Van Sciver* v. *Public Service Railway Co.,* 96 *N. J. L.* 13; 114 *Atl. Rep.* 146. The verdict of a jury is not such a matter. Not only does judgment appear to have been regularly entered on the verdict as rendered, but nothing therein was made the subject of an exception. An alleged error by the trial judge should be contemporaneously excepted to if the judicial action is to be reviewed by an appeal. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; 90 *Atl. Rep.* 292. Further, contrary to the point as stated, the verdict and judgment appear to be entirely dispositive of the plaintiff's claim as sued upon against the defendant Nottebaum. There was an admission by the plaintiff that a specified service of the value of $25 to $30 had in fact been performed for Nottebaum alone; but the amount of the verdict is quite consistent with the elimination of this item, and defendants are the gainers thereby.

Finding no error, we conclude that the judgment below should be affirmed, with costs.