NELSON A. LILLEY, PLAINTIFF-RESPONDENT, v. FLOR-
ENCE PIPE FOUNDRY AND MACHINE COMPANY, A
CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiff-respondent, *Bernard Bertman* and *Elmer Bertman* (*Carl Kisselman,* of counsel).

For the defendant-appellant, *Robert Peacock.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is defendant's appeal from a judgment recovered by the plaintiff for personal injuries. Plaintiff was employed as a general utility man on a barge belonging to Shaw and Company. The barge, loaded with scrap metal, was tied up to a dock in the Delaware river in

Burlington county, New Jersey, and the defendant corporation engaged in unloading the cargo. The unloading was done by means of a five-ton magnet attached to a crane which was let down into the hold of the barge, then charged with electric current, and a load of metal picked up and transferred to the dock.

It is alleged in the complaint that the defendant, in its operation of the magnet, stationed a "signal" man on the barge, who directed the operations of the crane, and that while plaintiff was lawfully in the hatch or hold of the barge such "signal" man left his post and that the operator of the crane, regardless of the absence of the signal man, continued the unloading operation and that the magnet, in its descent, struck the plaintiff, causing him serious injury.

The answer consisted in a general denial and separate defenses which alleged that the defendant was guilty of no negligence; that the plaintiff was guilty of contributory negligence; that he was a trespasser, and that he entered the hold of the barge contrary to orders of the captain of the barge.

The first ground of appeal (and this is argued generally. throughout appellant's brief) is that the verdict was contrary to the weight of the evidence. This allegation has no value as a ground of appeal. No judicial ruling is attacked by it. Weight of evidence is not cognizable on appeal in civil cases at law. *Mangone* v. *Patterson,* 104 *N. J. L.* 132; 139 *Atl. Rep.* 17; *State Highway Commission* v. *Lincoln Terminal Corp.,* 110 *N. J. L.* 190; 164 *Atl. Rep.* 476; *Henry* v. *Haussling,* 114 *N. J. L.* 222, 224. A verdict that is against the weight of evidence is not judicial error of any kind. In civil cases, on the law side, this court will only consider on appeal errors that are committed by the court during the trial of the cause. *Van Sciver* v. *Public Service Railway Co.,* 96 *Id.* 13; 114 *Atl. Rep.* 146. These observations and the authorities cited also dispose of grounds of appeal numbers 2, 3, 4 and 5, which assert that at the time of the accident plaintiff was a trespasser; that he had no legal cause of action; that there was no negligence on the part of the defendant, and that plaintiff was guilty of contributory negligence.

The other grounds of appeal are that the court refused to charge some eleven requests to charge which were submitted by the defendant. As to these, appellant's counsel rests upon the statement, without more, that the requests, designating them by number, were "reasonable requests." We think that the requests to charge, which were pertinent, were covered by the trial court in a comprehensive charge and that the balance of the requests were improper since they were for the most part argumentative on the evidence.

The remaining grounds are that the court refused to grant a nonsuit and that the court refused to direct a finding of no cause of action at the end of the defendant's case. The motion for nonsuit was advanced on the ground that there was no evidence of negligence on the part of the defendant. This motion was properly denied. The plaintiff testified that a piece of property belonging to his employer, the owner of the barge, had fallen into a hatchway and that it was his duty to retrieve this property; that he notified the "signal" man that he proposed to go into the hold of the barge; that the employe said "all right" and that the plaintiff then went down into the hold, and that thereafter the magnet dropped upon him, injuring him. These were fact questions. Motion for nonsuit was properly denied.

Motion for direction of verdict was advanced on these grounds—that plaintiff had no duties to perform in the hold of the boat; that he was a trespasser therein, and that there was no willful negligence on the part of the defendant. We think the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff were, under the evidence, matters of fact for the jury's determination and that the motion was properly denied.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.