CHARLES B. COLLINS, TRUSTEE IN BANKRUPTCY OF SAMUEL KLEIN AND SAMUEL WALKER, INDIVIDU-, ALLY AND AS CO-PARTNERS, DOING BUSINESS AS COLLEEN SHOPS, PLAINTIFF-RESPONDENT, v. HUDSON COUNTY NATIONAL BANK, DEFENDANT-APPELLANT.

Submitted May 25, 1945—Decided September 27, 1945.

For the appellant, *Abner W. Feinberg.*

For the respondent, *Emanuel Weitz.*

The opinion of the court was delivered by

PERSKIE, J. Appellant, Hudson County National Bank, defendant below, appeals from a judgment of the Supreme Court affirming the judgment entered in the First District Court of Jersey City, by the trial judge who sat without a jury, in favor of the respondent, plaintiff below, Charles B. Collins, trustee in bankruptcy of Samuel Klein and Samuel Walker, individually and as partners, doing business as Colleen Shops.

The gravamen of plaintiff's suit as trustee against the bank and the proofs in support thereof, are that the bank erroneously paid out of the funds on deposit with it by the partnership of Colleen Shops the sum of $200 upon the presentation to it, on the due date thereof, of a note in the like sum payable to the order of 86 Broad Realty Corp., made and executed by Colleen Shops, Inc., a corporation of this state. The bank offered no proofs. Throughout the trial and on its motion for a judgment at the end of plaintiff's case, the bank, insisting on strict proof, merely challenged the probative quality of plaintiff's proffered proofs which were admitted in evidence in support of his pleaded action. The trial judge

entered a judgment in the sum of $200 and costs in favor of the plaintiff and against the bank.

We are satisfied that the Supreme Court reached a correct result. We pause merely to observe that the facts in the case of *Ehrlich* v. *Mulligan*, 104 *N. J. L.* 375; 140 *Atl. Rep.* 463; 57 *A. L. R.* 596, strongly urged for the bank, are clearly distinguishable from those in the case at bar. In the Ehrlich case the question was whether the bankrupt's petition, schedules and discharge in bankruptcy marked as "a true copy," should have been received in evidence under *R. S.* 2:98–19 which makes a "certified Copy" of a record of the United States District Court admissible in evidence in the courts of this state. (See page 379.) The court answered that question in the negative because "these terms ('true copy' and 'certified copy') are not interchangeable" and that a "certified copy" implies more than a "true copy" and that a "true copy" is not a "certified copy." (See page 380.)

There is no such issue in the instant case. Here the trial judge admitted neither a "true copy" nor a "certified copy" of the bankruptcy proceedings of the partnership. Here the trial judge admitted testimony from the original bankruptcy files and bankruptcy docket which showed, among other things, the appointment and qualification of the trustee, &c.

Our examination of the whole case fails to disclose error in the admission of evidence, or otherwise, which in anywise "injuriously affected the substantial rights" of the bank. In such circumstances, we do not reverse. *R. S.* 2:27–363. *Kargman* v. *Carlo*, 85 *N. J. L.* 632, 638; 90 *Atl. Rep.* 292; 218-220 *Market St. Corp.* v. *Krich-Radisco, Inc.*, 124 *N. J. L.* 303, 304; 11 *Atl. Rep. (2d)* 109; *DeFreitas* v. *Metropolitan Life Insurance Co.*, 131 *N. J. L.* 5; 34 *Atl. Rep. (2d)* 233; *Costanza* v. *Cavanaugh*, 131 *N. J. L.* 175, 179; 35 *Atl. Rep. (2d)* 612; *Crager* v. *West Hoboken Transfer and Express Co.*, 132 *N. J. L.* 547, 548; 41 *Atl. Rep. (2d)* 806.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, WELLS, RAFFERTY, DILL, FREUND, JJ.   10.

*For reversal*—OLIPHANT, McGEEHAN, JJ.   2.