JOHN L. O'SULLIVAN, Respondent, *against* CARLISLE NOR-
WOOD, Receiver of the Lorillard Insurance Company,
Appellant.

(Decided June 27th, 1887.)

The lessor of a building let to several tenants, the stairway in which is
the common passageway to the street for the tenants and others law-
fully entering the building, is bound to keep such stairway lighted, if
a light is necessary to make it reasonably safe for travel. The fact
that a person injured by a neglect to maintain such light was upon the
premises as a visitor, not of a tenant, but of a sub-tenant of a portion
of the building, does not affect his right to recover for injuries received
through the lessor's negligence in not keeping the stairway lighted.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The action was brought to recover damages sustained by a fall on the staircase of the premises 152 Broadway, New York, alleged to be due to the negligence of the defendant's company in not properly lighting the stairs. The plaintiff visited the building for the purpose of calling upon a sub-tenant of a portion of the premises, which portion had been leased to the tenant by the company. The stairway was lighted only from the street, and so imperfectly that the lower step of the second flight was obscured in darkness. The plaintiff in coming down missed the last step and fell, causing the injuries for which the action was brought.

*Carlisle Norwood, Jr.*, for appellant.

O'Sullivan *v.* Norwood.

*Nelson J. Waterbury, Jr.*, for respondent.

J. F. DALY, J. — The appellant invokes the rule that a lessor, in the absence of fraud or express agreement, is not liable, to the tenant or others, lawfully upon the premises by his authority, for their condition, or that they are tenantable and may be safely and conveniently used for the purposes for which they were apparently intended (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 247).

The building in which this plaintiff was injured was let to several tenants, and the staircase was the common passageway to the street for all the tenants and all persons lawfully entering the building. The passages and stairs were not demised to any tenant, but remained in the possession and under the control of the lessor, to be kept in condition for the common use of all. The rule above stated is not therefore applicable in this case (*Camp* v. *Wood*, 76 N. Y. 92; approved, 98 N. Y. 255).

The lessor, retaining possession and control of the staircase for the purposes above mentioned, owed to all persons lawfully using it the duty of keeping it in repair and reasonably safe for travel. If ordinary care required that the stairs or any portion thereof should be kept lighted in order to make them reasonably safe for travel, it was the lessor's duty to light them. The question of negligence in this case was submitted to the jury and their finding is sustained by the evidence; and the same may be said of the claim of contributory negligence.

The fact that the person injured was upon the premises as a visitor, not of a tenant but of a sub-tenant of a portion of the building, does not affect his right to recover for the negligence of the lessor. The latter owed the same duty to the sub-tenant as to the tenant and persons doing business with both (*Jaffe* v. *Harteau, supra*, citing *Coughtry* v. *Globe Woollen Co.*, 56 N. Y. 124).

The only exception argued upon the appellant's brief is the refusal of the judge to charge that the letter of Mr.

Waterbury, plaintiff's counsel, to the president of the company, was evidence of a demand only. The letter in question, together with the reply from the attorney of the company, were read in evidence without objection or restriction, and were to be considered by the jury for what they were worth. Besides, the letter did not strictly contain a demand; but was in the nature of a notice of the plaintiff's accident, the cause of it, and the extent of the injuries sustained.

The other exceptions do not require a reversal and a new trial.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.