### HEATH *v.* METROPOLITAN EXHIBITION CO.

*(Supreme Court, General Term, First Department.   October 24, 1890.)*

NEGLIGENCE—DANGEROUS PREMISES.

Plaintiff, while a visitor on premises leased by defendant to an athletic club, was injured by slipping upon a slat walk between the dressing-room and bath-room, and accidentally passing his hand through a glass door, which was leaning against the partition at the side of the walk. He had taken a bath, and was apprehensive that another person in the room was about to throw water upon him, and, to avoid that, stepped quickly along the walk, and slipped and sustained the injuries. The door did not overreach upon the walk, and was no obstacle in the way of persons using the walk. *Held*, that defendant was not liable, and that the lack of proof that the door had been placed where it was by defendant would also preclude a recovery. BRADY, J., dissenting.

Appeal from circuit court, New York county.

Action by George B. Heath against the Metropolitan Exhibition Company. From a judgment dismissing his complaint, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Olin, Rives & Montgomery*, (*G. F. Rives*, of counsel,) for appellant. *George F. Duyster*, for respondent.

DANIELS, J. The plaintiff, while a visitor on premises leased by the defendant to the American Athletic Club, was seriously injured by slipping upon a slat walk between the dressing-room and bath-room, and accidentally passing his hand and part of his arm through a glass door, which was leaning against the partition at the side of the walk. He had taken a bath, and was apprehensive that another person in the room was about to throw water upon him from a pail, and to avoid that stepped quickly along the walk, and, after taking three or four steps, slipped and sustained this injury. But the facts that the door was there, and that he sustained this injury from his hand passing through the glass, were not of themselves sufficient to maintain this action. It was necessary for the proof to go further for that object, and to establish the fact that it was a negligent act to permit the door to be there, supported in this manner; but no proof was given showing that there was any reason whatever for expecting any injury to arise out of the act of placing or keeping the door in that position. It manifestly did not overreach upon the walk so as to diminish its sufficiency, and it was no obstacle in the way of persons passing and repassing along the walk. It was not in the way of any person using the walk, and if the plaintiff had not slipped and fallen towards it no harm could have come to him from it. There was no want of care in the failure to anticipate that the door where it was might become a source of danger. On the contrary, it could very well be assumed that it could not, in its position, be even a possible source of danger to any person passing along the walk. No such want of care was proved against

the defendant as was required to maintain the action. The evidence was also fatally defective in another respect. It did not prove that the door had been placed where it was by the defendant. The privileges granted to the American Athletic Club were derived from a lease made by the defendant to the club on the 10th of March, 1884, and the accident occurred on the 23d of the following month of August. There was no proof that the door was in this position when the lease was made. The most that the evidence tended to prove was the guess of the witness Dudley Van Holland that it had been in this place through the summer. The witness Edward J. Bynce had seen it several times before the accident, but how long before he did not state; and Samuel Baum testified that he had seen it there probably a month before the accident. No further proof on this subject seems to have been given, and it failed, therefore, to establish the fact that any act of the defendant had contributed to the production of this injury. In each respect there was a failure to make out any liability on the part of the defendant, and the complaint was rightly dismissed. The judgment should be affirmed. VAN BRUNT, P. J., concurs.

BRADY, J., (*dissenting.*) The relations existing between the defendant and the American Athletic Club were those of landlord and tenant, and the rules of law which control them are applicable to the facts and circumstances of this controversy. The slat walk was a part of the demise, and the members of the club and their guests could use it, and were justified in regarding it as entirely safe for the purpose it was designed to accomplish unless it was known or could by ordinary prudence be seen to be otherwise. This general principal has been recognized in a number of cases, and has become a well-settled rule, the application of which, in proper cases, is well calculated to impose upon landlords the higher duty of protection against injury in the use of demised premises. It was seemingly negligence to leave the glass frame or sash on the walk or way, and for the reason that a person using the latter might fall against it without negligence on his part in the slightest degree contributory. When a fall like that occurs, the person falling or tripping or slipping should be exposed to no other than the ordinary casualties of the situation, and which in all probability would not result in serious injury. If, in other words, the frame or sash had not been where it was, the plaintiff, though he might have fallen, would not have received such a wound as he suffered from, and it cannot well be denied that a kindred fall at the place where the frame was located, if the frame were then there, would, in all probability, result in some disaster. The glass present is in itself declaratory of such an incident being dangerous in the extreme, if so placed that it may be accidentally broken by contact with human flesh. The duty of keeping premises reasonably safe for use has been held, as already seen in a number of cases. *Vide Henkel* v. *Murr,* 31 Hun, 28; *Donohue* v. *Kendall,* 50 N. Y. Super. Ct. 386; *Neyer* v. *Miller,* 51 N. Y. Super. Ct. 516; *Brennan* v. *Lachat,* 5 N. Y. St. Rep. 883, affirmed, 6 N. Y. St. Rep., 278; *O'Sullivan* v. *Norwood,* 14 Daly, 286; *Tousey* v. *Roberts,* 114 N. Y. 312, 21 N. E. Rep. 399; and the rule is extended to visitors or callers upon the tenant. *Henkel* v. *Murr,* 31 Hun, 28; *O'Sullivan* v. *Norwood,* 14 Daly, 286. The plaintiff's case thus far seems to be unassailable. It is claimed, however, that the plaintiff was a trespasser; but this view is not sustained by the facts disclosed. He was invited to the premises by members of the club, and to take a bath also. It is true that he does not appear to have had the privileges of the club extended to him in a formal manner, as contemplated by the by-laws, but this was not necessary to give him such legal *status* as secured his right to protection. He was not seeking the enjoyment of the privileges of the club, which, for the time being, would confer all the rights of enjoyment, but accepted an invitation for a specific purpose, and which it must be assumed

from the questions asked and rejected was properly and lawfully extended to him. Indeed, the object of extending such invitations was in part to show the advantages to be derived from membership, and thus to advance applications for that purpose. The defendant, therefore, is not in a condition to gainsay this, or to limit it, or to derive any benefit from the absence of a formal extension to the plaintiff of the privileges of the club. It is enough that the plaintiff was present as a visitor, and upon the invitation of a member of the club, in the absence of proof that no such invitation would confer upon him any right to be on its grounds, which was not given. The contrary must be assumed from the questions asked and rejected already referred to. The only apparent trouble in the case arises from the incident which caused the plaintiff to leave the bath-room with speed; but that relates to the question of contributory negligence, and was therefore one not of law but fact for the jury. There seems to be no reason why such an incident as impelled the plaintiff should not be expected from exuberant youth, and which, if the frame had not been where it was, would in all probability have occasioned no serious injury. Places devoted to athletic sports or amusements should be guarded by proper construction and vigilance as necessary elements to the safe exercise of the powers they are intended to develop, and thus to the protection of the persons using them. These reasons seem to require the reversal of the judgment herein, and a new trial which is ordered, with costs to abide the event.