JOHN W. BORDER, Respondent, v. CITY OF
SEDALIA, Appellant.

**Kansas City Court of Appeals, February 19, 1912.**

1. **NEGLIGENCE: Contributory Negligence: Sidewalks.** Plaintiff
sued for damages for injuries by falling into a depression in
a public street. He knew the hole was there and that it was
dangerous to attempt to go that way, at night. The hole was
so wide that plaintiff had been compelled to jump over it; he
could not, therefore, hope to escape falling into it, if he could
not see it, on account of the darkness, and walked in his usual
manner. *Held*, that the demurrer to the evidence should have
been sustained.

2. ————: **Duty of City: Sidewalks.** While a city owes the
citizen the duty to keep the highways reasonably safe for per-
sons to pass over, the citizen owes the city the duty to use his
God-given senses, and not run into obstructions with which he
is familiar.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,*
Judge.

REVERSED.

*E. W. Couey* and *W. W. Blain* for appellant.

(1)  Plaintiff's own evidence clearly shows him to
be guilty of such contributory negligence as will bar
a recovery. Wheat v. St. Louis, 179 Mo. 572; Sindlinger
v. Kansas City, 126 Mo. 315; Wiggins v. St. Louis, 135
Mo. 565; Cohn v. Kansas City, 108 Mo. 387; Diamond
v. Kansas City, 120 Mo. App. 185; Boyd v. Springfield,
62 Mo. App. 458; Lowe v. Railroad, 145 Mo. App. 255.
(2)  The court erred in refusing to give instruction
number nine, asked for by the defendant. If plaintiff
knew of the defect in the street and that it was dan-
gerous and if by the exercise of ordinary care he could
have avoided being hurt, he can not recover. This has
always been the law. Wheat v. St. Louis, 179 Mo. 579;
Womach v. St. Joseph, 168 Mo. 241; Heberling v.

Warrensburg, 204 Mo. 614; Ryan v. Kansas City, 232 Mo. 471; Woodson v. Railway, 224 Mo. 685. This instruction was asked on plaintiff's theory of the case, although defendant denied that the crossing was out of repair yet he is entitled to such an instruction. Hedges v. Railway, 125 Mo. App. 583. (3) Instruction number three is palpably erroneous in that it authorizes a recovery by plaintiff even though he knew of the defect without qualification or limitation as to plaintiff's knowledge. He may have known this place was glaringly dangerous, so dangerous that no prudent man would have undertaken to cross it, still this instruction tells the jury, plaintiff is entitled to recover. Diamond v. Kansas City, 120 Mo. App. 185; Wheat v. St. Louis, 179 Mo. 572; Ryan v. Kansas City, 232 Mo. 471; Ryan v. Kansas City, 134 S. W. 566; Coffey v. Carthage, 186 Mo. 583; Heberling v. Warrensburg, 204 Mo. 617; Ashby v. Gravel Road Co., 99 Mo. App. 186; Howard v. New Madrid, 148 Mo. App. 68; Lowe v. Railroad, 145 Mo. App. 255. (4) The court erred in giving instruction number eight on behalf of plaintiff. Plaintiff's petition charges only one act of negligence, that of failing to repair crossing. This instruction enlarges the issues to cover appellant's negligence in not protecting, guarding, covering or lighting said excavation. An instruction should not be broader than the pleading. Degonia v. Railroad, 224 Mo. 564; Beave v. Transit Co., 212 Mo. 331; Hamilton v. Railway, 114 Mo. App. 504; Politowitz v. Citizens' Tel. Co., 115 Mo. App. 57; Davidson v. Transit Co., 211 Mo. 356; Kellogg v. Kirksville, 132 Mo. App. 519; Smith v. Railroad, 126 Mo. App. 120.

*W. D. Steele* and *A. L. Shortridge* for respondent.

(1) The first contention, as shown by defendant's brief, is that the plaintiff was guilty of such contributory negligence as would bar a recovery. This question was submitted to the jury on proper instruc-

tions. The jury, before they could find for plaintiff, were required to find that plaintiff was using such care as a person under the same circumstances would use, and by a person situated as plaintiff was. This would include plaintiff's knowledge of the condition of the crossing, and if plaintiff knew of its unsafe condition, the care exacted of him is such as an ordinarily prudent person, similarly situated, would, under the same circumstances, including both the condition of the walk and his knowledge, exercise. Defendant's instruction No. 4. Canterbury v. Kansas City, 149 Mo. App. 525; Howard v. New Madrid, 148 Mo. App. 57; Phelps v. Salisbury, 161 Mo. 1. Telling the jury that plaintiff had a right to rely on defendant doing its duty in keeping its crossings in a reasonably safe condition for travel, even admitting that it is equivalent to telling the jury that plaintiff had a right to assume that the crossing was safe, would not constitute reversible error, for the reason that the other instructions clearly told the jury, that before plaintiff could recover, the jury must find that he was using due care to avoid injury. Ross v. Kansas City, 48 Mo. App. 440; Jerowitz v. Kansas City, 104 Mo. App. 205. Even if this instruction had told the jury that plaintiff had a right to assume that the crossing was safe, which we contend it did not, it would not have constituted prejudicial error as there was no evidence tending to convict plaintiff of contributory negligence outside of the fact that he used the walk when he knew its condition. There is no evidence that he was walking in any other manner than that by him stated, ''watching for'' the ditch. Howard v. New Madrid, 148 Mo. App. 67. Where the evidence establishes all of the elemental facts, an instruction which fails to require the jury to find that the city was entitled to a reasonable time to repair after notice, is not prejudicial error. Barnes v. St. Joseph, 151 Mo. App. 523. This evidence was admitted without objection from defendant, and de-

fendant introduced evidence to the same effect, and can not complain of an instruction based on evidence admitted without objection, even though there is no allegation in the petition on this particular point. Joseph v. Railroad, 129 Mo. App. 603; Littleton v. Railroad, 11 Mo. App. 150; Russell v. Railroad, 125 Mo. App. 441.

JOHNSON, J.—This is an action against the city of Sedalia for damages for personal injuries which plaintiff alleges he sustained in consequence of the negligence of the city in failing to keep one of its street crossings in proper condition for the use of pedestrians. The answer contains a general denial and an allegation that plaintiff was injured by his own negligence. A trial of the issues resulted in a verdict and judgment for plaintiff and the cause is before us on the appeal of defendant.

The injury occurred in the night of November 28, 1908, at the crossing of Pacific street on the west side of Moniteau avenue. The crossing was constructed of stone flagging and it is the contention of plaintiff, supported by substantial evidence, that on account of the recent construction of a transverse sewer there was a gap in the crossing where the stone or flags had been removed and not replaced and that this gap extended over the crossing and was two and a half or three feet wide and twelve or fifteen inches deep. While using this crossing on his return home from a visit to the business part of the city plaintiff says he fell in the hole just described and received the injuries for which he seeks damages. He is corroborated in this statement by no other witness and is contradicted by witnesses introduced by defendant who say that plaintiff was so drunk he could not travel a straight course and that he was not on the crossing but was four or five feet away from it when he fell in a depression caused by the sewer trench being only partially filled.

It was Saturday night and plaintiff, after his day's work was done, had gone home, changed his clothes and, after supper, had gone to buy some groceries and other things. He admits he visited two saloons and had a drink of whiskey in each, but denies that he was intoxicated. So far as the evidence before us is concerned he appears to entertain a flattering opinion of his condition, but for present purposes we shall treat his evidence on the issue of his intoxication as substantial and shall assume that he was sober enough to exercise reasonable care for his own safety.

There were other convenient and safe ways open to the use of plaintiff but he chose the route he was accustomed to travel, with full knowledge that the crossing was defective and dangerous. He had traveled over the crossing that evening, had observed the hole, and knew if he returned that way he would have to exercise great care at the defective place if he would pass over it in safety. We quote from his direct examination:

"I started home; and I knowed this hole was there, and I was thinking about it at the time, and watching for it; I was just simply walking along, it was dark there, and I walked into the hole before I knowed I was to it."

On cross-examination he testified: "Q. You say that hole had been there four or five days? A. Yes, sir. Q. How do you know it had been there that long? A. Because I had crossed over it. Q. And knew it was a bad place? A. Yes, sir. Q. When? A. I suppose four or five days before. Q. And you knew it was dangerous? A. Yes, sir. Q. And every time you passed over you knew it was dangerous? A. Yes, sir; I had to make a big jump to get over it. Q. And you went down there where you knew it was a dangerous place? A. Yes, sir. Q. And knew that you were walking right where you might get into danger and might be injured? A. Yes, sir. Q. Mr. Border, there

is a big arc light hanging right across the railroad crossing at Moniteau avenue, isn't there? A. I believe there is. Q. I will ask you if there isn't another big arc light a block away at Jefferson street? A. At Jefferson street. Q. I will ask you if this place where you got injured wasn't right between two lights and a half a block from each one? A. It is more than half a block. Q. Practically a half a block from each one? A. And across the street. Q. I will ask you if there isn't two big arc lights to light and guide people along there? A. Yes.''

The answer does not plead contributory negligence but if the existence of such negligence is indisputably established by plaintiff's own testimony, it becomes the duty of the trial court to sustain defendant's demurrer to the evidence. [Ramp v. Railway, 133 Mo. App. 700.] As plaintiff had full knowledge of the defect and of its dangerous possibilities, he had no right to rely on any presumption of due care on the part of the city, and knowing the danger, the duty devolved on him of exercising the care to be expected of an ordinarily careful and prudent person in his situation. [Phelps v. City, 161 Mo. 1.] If the danger was of a nature to threaten plaintiff with injury if he attempted to use that way at night, despite the care he might exercise, his use of the crossing should be denominated negligence in law, since an ordinarily careful and prudent person would not voluntarily and unnecessarily subject himself to risks of that kind. On the other hand, if the danger was of a less degree and was one that could be overcome by the exercise of reasonable care, the issue of whether or not plaintiff was negligent would be one of fact for the jury to determine. [Canterbury v. Kansas City, 149 Mo. App. 520.] The rule thus is stated in Wheat v. St. Louis, 179 Mo. l. c. 582:

''While the city owes the citizen the duty to keep the highways reasonably safe for persons to pass over,

the citizen owes the city the duty to use his God-given senses, and not to run into obstructions that he is familiar with . . ." This rule is approved by the Supreme Court in later decisions. [Ryan v. Kansas City, 232 Mo. 471; Kaiser v. St. Louis, 185 Mo. 366; Woodson v. Railway, 224 Mo. l. c. 701; Coffey v. City of Carthage, 186 Mo. l. c. 585.]

The direct testimony of plaintiff we have quoted gives the impression that he was on the alert to discover the hole but was prevented from doing so by extreme darkness. On such hypothesis, plaintiff must be pronounced negligent in law, for the reason that being unable to see the hole when he reached it and such inability being apparent to anyone in his right mind, plaintiff, nevertheless, went on in an ordinary walk to certain injury. Here was a hole so wide that plaintiff had been compelled to jump over it. He could not hope to escape falling into it if he could not see it and walked in his usual manner and gait. His conduct as described in his examination in chief was more than negligent—it was reckless—since it could result in nothing but injury to him. The case on this hypothesis is very similar to Diamond v. Kansas City, 120 Mo. App. 185, and we refer to our opinion in that case for a fuller expression of our views of a case of this character.

The testimony of plaintiff on cross-examination seems to negative the inference that the place was in complete darkness and to warrant the opposite conclusion that there was light enough there to enable a watchful person to discover the pitfall. But such hypothesis does not aid the position of plaintiff. He merely escapes Scylla to be swallowed by Charybdis. If there was enough light for him to see the hole it cannot be true, as he declares, that appreciative of the danger, he was alert and watchful. Confronted by danger of such magnitude, ordinary care demanded of him watchfulness and caution commensurate to the

danger and he stands convicted out of his own mouth of culpable negligence. The evidence affords him no tenable position. His injury was partly the result of his contributory negligence and the learned trial judge erred in not sustaining the demurrer to the evidence.

The judgment is reversed. All concur.