Thomas A. Duff, Appellant, v. Walter J. Eichler.—82 S. W. (2d) 881.

Division Two, May 7, 1935.

*Lee, Fricke & Lee* for appellant.

*Otto O. Fickeissen* for respondent.

WESTHUES, C.—Appellant filed his second amended petition in the Circuit Court of the City of St. Louis, Missouri, seeking to recover damages in the sum of $15,000 for personal injuries, alleged to have been sustained as the result of the negligence of respondent. The trial court sustained respondent's demurrer to the petition. Appellant declined to plead further and judgment was entered against him, whereupon he appealed.

Since the sufficiency of the petition is the sole question for our determination we will quote it insofar as material to the issue. It reads:

"Plaintiff states all the following, to-wit:

"1. That he is a resident of the City of St. Louis, Missouri.

"2. That, at all the times hereinafter mentioned, defendant was the owner of a two-story, four-family apartment building, known and numbered as 4983 Lindenwood Avenue, in the City of St. Louis, Missouri, and in charge and control thereof.

"3. That, at all the times hereinafter mentioned, said apartment building was occupied by four tenants, each independent of the others, and so occupying said building under separate rental contracts.

"4. That, at the said time, plaintiff was engaged in soliciting donations for the Emergency Charity Relief Fund of the City of St. Louis, a charitable organization, and it was necessary for him to visit dwelling houses, stores and apartment houses in the said City of St. Louis for the purpose of soliciting subscriptions for the said fund from the person or persons occupying or being in same, and that upon, to-wit: the 7th day of November, 1931, about the hour of 7:25 P. M., of said day, the plaintiff visited said apartment building known and numbered as 4983 Lindenwood Avenue, in the City of St. Louis, aforesaid, for the purpose of visiting the apartment rented and occupied by one W. E. Glomski, at the invitation, request and solicitation of the said W. E. Glomski, in pursuance of the line of his occupation in soliciting the said Glomski and members of his family for financial aid on behalf of the said charity.

"5. That the only means of ingress and egress to and from said apartment of said W. E. Glomski in said apartment building to said Lindenwood Avenue was by means of an unlighted vestibule, about four feet long and five feet wide, in which was a flight of four or

five stone or marble steps for the use of all the tenants, and which was used by all the tenants, which said vestibule and steps are and were open to the public during all hours of the day and night, and all persons invited to enter who rented rooms or occupied rooms or space in said building and had a right in said building, or persons having social or business dealings with said tenants or occupants of said building, and was in the exclusive possession and control of defendant, his agents, servants and employees at the times hereinafter mentioned.

"6. That, on or about the 7th day of November, 1931, about the hour of 7:30 P. M., when it was dark and in the nighttime, plaintiff, when returning from the said apartment of said Glomski, attempted to descend said stone or marble steps, but plaintiff states that defendant, his agents, servants and employees, as the owner of said building, in exclusive possession and control of said vestibule and steps, had carelessly and negligently permitted the same to become and remain in an unfit, unsafe, not reasonably safe, and dangerous condition, by reason of being dark and unlighted, thus making travel along said vestibule and upon said steps, when it is dark and in the nighttime, unsafe, not reasonably safe, and dangerous, as aforesaid, the consequence of which was that, when plaintiff stepped from the landing at the first floor apartment of said Glomski in said building, in his said attempt to gain access to said Lindenwood Avenue, in a careful manner, he missed his footing and fell, being precipitated violently, in a twisted position, against and upon the southern wall of said building and the floor of said vestibule."

Here follows a statement in detail of the injuries sustained by appellant, which are immaterial to the issue presented. The petition continues as follows:

". . . And all of his injuries are permanent, all as a direct and proximate result of the carelessness and negligence of defendant, his agents, servants and employees, in permitting said vestibule and steps in said apartment building to become and remain unfit, unsafe and not reasonably safe, and dangerous for travel thereon and therein, as aforesaid, notwithstanding that it was the duty of said defendant, his agents, servants and employees to keep said vestibule and steps in a reasonably safe condition for travel thereon, and plaintiff states that notwithstanding defendant, his agents, servants and employees, had notice of said dangerous unfit and unsafe condition of said vestibule and steps, and that the same were not reasonably safe for travel thereon when it is dark and in the nighttime, in time, by the exercise of due care required by law under such circumstances, to have placed therein or thereabout electric lights or other illumina-

tion, and thus and thereby have prevented injury to plaintiff, and plaintiff states that defendant, his agents, servants and employees, by the exercise of such care, could have prevented the injuries herein complained of. . . .

"10. That, for another and further assignment of negligence, plaintiff says that, at all the times hereinbefore mentioned, there was in force in the City of St. Louis aforesaid a certain ordinance, to-wit: Ordinance No. 36614, Section 3590, of the Revised Code of St. Louis, in which it is provided as follows, to-wit:

" 'It shall be the duty of the keeper or proprietor of every hotel, public boarding house, lodging house, tenement house or apartment house of two or more stories in height to provide and keep a light unobstructed by colored glass in the common halls and stairways on each and every floor of said places.'

"And the plaintiff states that, although said apartment building was two stories in height, and came within the purview and scope of the said ordinance, the defendant, as the owner of said apartment building, in violation of the said ordinance, failed and neglected to provide and keep a light unobstructed by colored glass in the common halls and stairways of each floor of said apartment, which violation of said ordinance directly contributed to the injuries received by plaintiff, as aforesaid, and caused the same, and by reason whereof, plaintiff is damaged as aforesaid."

Respondent in his brief says:

"There is no allegation that respondent owed appellant any legal duty except the bald statement that defendant was the owner of the premises in question 'and in charge and in control thereof,' which is a mere legal conclusion and should be disregarded when passing upon a demurrer to the petition."

■ Appellant in stating in his petition that respondent was the owner of the premises and in charge and in control thereto pleaded ultimate facts and not mere conclusions. Evidence need not be pleaded. It has always been considered good pleading to state the ultimate facts in the petition. The evidence in support of ultimate facts is to be offered at the trial of the case. Appellant's description of the premises would indicate clearly that respondent was required, by the ordinance pleaded, to maintain a light in the hall or stairway where appellant was injured. ■ The petition charged that respondent "as the owner of said building, in exclusive possession and control of said vestibule and steps, had carelessly and negligently permitted the same to become and remain in an unfit, unsafe, not reasonably safe, and dangerous condition, by reason of being dark and unlighted. . . ." The ordinance requiring respondent to main-

tain a light was set forth in the petition. The facts, as pleaded, that the stone or marble steps were for the use of all of the tenants living in the two-story apartment building, were sufficient to bring the building within the provisions of the ordinance. In Gray v. Pearline, 328 Mo. 1192, 43 S. W. (2d) 802, 1. c. 804 (2), this court said:

"However, where premises are let to several tenants, each occupying different portions but all, or two or more, enjoy and use certain portions *in common*, such as entrances, halls, stairways, passageways, or porches, the landlord is held to have reserved such facilities for the common use of the tenants and to be in control thereof with the implied duty of maintenance and repair as to such portions of the premises and to use ordinary care to keep them in a reasonably safe condition, and for failure to perform that duty the landlord is liable for injuries sustained by persons rightfully using such places."

[See, also, 36 C. J., p. 128, sec. 768.] The above facts, alleged in the petition, were sufficient to charge respondent with the duty of maintaining a light in the common vestibule or stairway where appellant was injured.

██ Only one element remains, did appellant, under the facts pleaded, stand in such a relation to the respondent as to come within the protection of the ordinance? It may be stated as a general rule that the tenant and all persons coming upon the premises as invitees of the tenant have a right to maintain an action against the landlord when injured by reason of his negligence. [Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1; Hicks v. Smith, 158 App. Div. 299, 143 N. Y. Supp. 136; O'Sullivan v. Norwood, 14 Daly, 286, 8 N. Y. St. Rep. 388; Gallagher v. Murphy, 221 Mass. 363, 108 N. E. 1081; Kragman v. Carlo, 85 N. J. L. 632, 90 Atl. 292.]

Appellant was not, at the time he was injured, on an errand for his personal or the tenant's benefit. As the petition recited, he was soliciting funds for the Emergency Charity Relief Fund of St. Louis. It is considered our moral duty, as individuals and as a community, to take care of the poverty stricken. Appellant, it may be said, was contributing his time to public charity and aiding the community in which he lived in caring for its unfortunate. The petition states that appellant visited the tenant, at the tenant's invitation, for the purpose of soliciting financial aid for charity. Under the circumstances the law will not say to him that he was a trespasser or a bare licensee and not give him the protection extended invitees of the tenant. In 36 Corpus Juris, page 224, section 913, we read:

Under circumstances where a liability on the part of the landlord would arise on account of the defective condition of the demised premises or parts over which he had reserved control, such liability

**1170**

is not limited to the tenant, but includes all persons who within the contemplation of the parties were to use the premises under the hiring. Thus, in such cases, a guest or invitee of a tenant will have the same right of action as a tenant would have had." [See, also, Herdt v. Koenig, 119 S. W. 56, 137 Mo. App. 589.]

 Respondent next says, that since the petition alleged appellant entered the building after dark and was injured when he departed, that appellant was guilty of contributory negligence as a matter of law. If that be the rule then it is difficult to conceive how a case of liability could arise where the failure to have proper light would sustain a cause of action. Light is of no use to the blind. Those blessed with vision can perceive the darkness before them. Therefore, if it be negligence *per se* to attempt to descend a flight of steps in darkness, no one injured by reason of the failure to have light on the stairway could recover against the person whose negligence accounted for the darkness. The case of McCloskey v. Salveter & Stewart Inv. Co., 298 S. W. 226, l. c. 235, 236 (12), 317 Mo. 1156, disposes of this question adverse to respondent's contention. [See, also Roman v. King, 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263; Wilson v. Jones, 182 S. W. 756; Geninazza v. R. U. Leonori Auction & Storage Co., 252 S. W. 417, l. c. 419 (7) (Missouri Supreme Court en Banc); Gallagher v. Murphy, supra.] Under the rulings of the cases cited and the authorities therein discussed, the question of whether appellant was guilty of contributory negligence, assuming the facts pleaded as true, was a question for the jury. A casual reading of the other cases, cited by respondent in support of the contention that appellant was guilty of contributory negligence as a matter of law, will disclose that the cases are not similar on the facts. They are Bonanomi v. Purcell, 287 Mo. 436, 230 S. W. 120; Vogt v. Wurmb, 318 Mo. 471, 300 S. W. 278; Border v. City of Sedalia, 161 Mo. App. 633, 144 S. W. 161. It follows that the judgment of the circuit court and the order sustaining respondent's demurrer to plaintiff's petition must be set aside, and the cause remanded. It is so ordered. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.