Day, J.
 

 The substance of plaintiff in error’s contention is that under the law as laid down by this court in
 
 McKinley
 
 v.
 
 Niederst,
 
 118 Ohio St., 334, 160 N. E., 850, defendant in error was guilty of contributory negligence as a matter of law; that consequently, the requested charge was proper, notwithstanding the fact that it' assumed the existence of contributory negligence on the part of the defendant in error.
 

 The rule announced in the
 
 McKinley
 
 v.
 
 Niederst case
 
 is limited in its application and operation to the facts there presented. In that case the court, in its opinion, said: “At the trial, the plaintiff testified that when
 
 *495
 
 she left her apartment and stepped into the hall and closed the door after her she found the hall very dark. She had put out the lights in her own apartment, and when she stepped into the hall and closed the door after her, which was a self-locker, and instead of again opening her door and lighting her apartment, she proceeded * * # , seeking the newel post at the top of the stairway.”
 

 This court there stated that plaintiff’s own testimony clearly raised an inference that she did not exercise ordinary care and that there was no evidence in the record tending to refute that inference.
 

 That case is distinguishable from this on the facts. In the
 
 McKinley case,
 
 the plaintiff closed the door behind her. In the instant case, plaintiff testified that she left her kitchen door open in order to get the benefit of the light therefrom. In the
 
 McKinley case,
 
 plaintiff had extinguished the lights upon leaving. In the instant case, plaintiff testified that she had left the kitchen light burning. In the
 
 McKinley ' case,
 
 the halls and stairways were in a state of complete darkness at the time of the accident, while in the instant case, plaintiff testified that the light coming from the kitchen rendered the floor of the hallway visible. What plaintiff did, or failed to do, in the instant case, cannot be said to constitute contributory negligence as a matter of law. While in the
 
 McKinley case
 
 there was no evidence in the record tending to refute the inference of plaintiff’s contributory negligence, there was sufficient evidence in the record in this case tending to refute such inference. “Whether her conduct in using the unlighted stairs under these circumstances was such as an ordinarily prudent person would have pursued under the conditions existing at the time, was a matter about which fair-minded men might honestly differ, and hence it cannot be said as a matter of law that she was guilty of contributory negligence or assumed the
 
 *496
 
 risk.”
 
 Kargman & Kargman
 
 v.
 
 Carlo,
 
 85 N. J. Law, 632, at 637, 90 A., 292.
 

 At the time defendant in error was injured there was in full force and effect a municipal ordinance in the city of Cincinnati, which imposed a duty upon the owners of tenement houses to furnish and maintain lights in the public hallways upon each floor near the stairs beginning with sunset, which ordinance reads as follows:
 

 “Section 534. * * * In every tenement house an approved light shall be furnished and maintained by the owner in the public hallways upon each floor near the stairs so as to amply light the same, and shall be kept burning from sunset until twelve o’clock midnight, provided, however, that in tenement house [s] consisting of three stories or more or which are occupied or arranged to be occupied by more than six families, one approved light or lights shall be kept burning in the public hallways upon each floor near the stairs from sunset until sunrise at the discretion of the director of buildings.”
 

 Notwithstanding the specific duty imposed upon the owner in charge of the apartment building, it is contended that defendant in error was guilty of contributory negligence as a matter of law from the mere fact of attempting to do what she had a right to do, namely, to use the common hallway and stairway at a time when, because of plaintiff in error’s violation of duty, adequate light was lacking. If we are to hold a tenant guilty of contributory negligence as a matter of law from the mere fact of attempting to descend a common stairway in darkness, of what utility then is the ordinance provision imposing upon the landlord the duty to furnish and maintain lights? We join with the Supreme Court of Missouri in asking: “If that be the rule then it is difficult to conceive how a case of liability could arise where the failure to have proper light would sustain a cause of action. Light is of no use to
 
 *497
 
 the blind. Those blessed with vision can perceive the darkness before them. Therefore, if it be negligence
 
 per se
 
 to attempt to descend a flight of steps in darkness, no one injured by reason of the failure to have light on the stairway could recover against the person whose negligence accounted for the darkness.”
 
 Duff
 
 v.
 
 Eichler,
 
 336 Mo., 1164, at 1170, 82 S. W. (2d), 881.
 

 It is not contributory negligence as a matter of law for a tenant, guest or invitee of a tenant, residing in an apartment building, to use a common hallway or stairway which is not illumined, where there is a duty imposed upon the owner in control and charge thereof to furnish and maintain sufficient artificial light in common hallways and over common stairways during certain specified hours of the night; and where testimony is introduced showing, or tending to show, the exercise of ordinary care in the use of such hallway and stairway under such circumstances by such tenant, invitee or guest, the question of contributory negligence, when made an issue by the pleadings or evidence in the case, is one of fact for the jury.
 

 Plaintiff in error next contends that the requested charge was proper for the reason that it embodies almost verbatim the wording of a special charge approved by this court in the case of
 
 Bartson, d. b. a. Bartson Driveaway Co.,
 
 v.
 
 Craig, an Infant,
 
 121 Ohio St., 371, 169 N. E., 291. We are of the opinion, however, that the trial court rightly refused to specially charge as requested, and that the Court of Appeals, speaking through Hamilton, J., correctly held the charge improper on the ground that it “does not leave to the jury the right to determine whether or not the plaintiff was guilty of contributory negligence, but assumes that, and on the assumption charges that if the jury found the negligence of the plaintiff directly caused or contributed to cause the injuries, the verdict should be for the defendant.” In other words, the requested charge is based on the assumption that plain
 
 *498
 
 tiff was guilty of negligence and takes the determination of that fact from the jury, submitting to it only the question of proximate cause.
 

 This court has repeatedly reiterated that a trial court should never, either of its own motion or at the request of either party, give a charge to the jury which assumes as true the existence or non-existence of any material fact in issue or material fact affecting the issues in respect to which the evidence is in conflict or as to which there is a dispute. 39 Ohio Jurisprudence, 997, Section 292.
 

 Though plaintiff’s contributory negligence was not made an issue by the pleadings, it was made such by the evidence, and the trial court, in its general charge, properly and. adequately charged thereupon. It was not error, therefore, for the trial court to refuse to give the request to charge.
 

 “An instruction to the jury is erroneous which assumes the existence of a material fact, affecting the issue of negligence or contributory negligence, as to which the evidence adduced is in conflict.”
 
 Binder
 
 v.
 
 Youngstown Municipal Ry. Co.,
 
 125 Ohio St., 193, 180 N. E., 899, paragraph one of the syllabus.
 

 “A special charge to the jury requested by a party to an action,' which is based on the assumption that a material fact exists in the case, but which fact is in dispute between the parties, is properly refused.”
 
 Northern Ohio Ry. Co.
 
 v.
 
 Rigby,
 
 69 Ohio St., 184, 68 N. E., 1046, paragraph one of the syllabus.
 

 “In an action to recover damages for an injury to the person through the alleged carelessness of another, it is error to use language in the charge from which the jury might reasonably infer that the court assumed the existence of material facts that were in dispute.”
 
 Weybright
 
 v.
 
 Fleming,
 
 40 Ohio St., 52, paragraph one of the syllabus.
 

 To the same effect:
 
 Cline
 
 v.
 
 State,
 
 43 Ohio St., 332, 1 N. E., 22, paragraph one of the syllabus;
 
 Beliefon
 
 
 *499
 

 taine Ry. Co.
 
 v.
 
 Daniel W. Snyder,
 
 24 Ohio St., 670, paragraph three of the syllabus.
 

 In charging the jury, a court has no right to assume or imply the existence of material facts in issue in the case although such facts are clearly proven by the evidence submitted to the jury. Such matters are for the jury to determine and could not be found or assumed by the court no matter how plainly they might have been proven.
 
 Bellefontaine Ry. Co.
 
 v.
 
 Snyder, supra.
 

 For a court, in its charge, to assume the existence or non-existence of a material fact in issue where there is a conflict in the evidence, is to invade the province of the jury.
 
 Cline
 
 v.
 
 State, supra.
 

 When contributory negligence is a controverted issue, it is not error to refuse a special charge to the jury which assumes plaintiff guilty of contributory negligence and leaves to the jury only the question of proximate cause.
 

 With reference to the contention of plaintiff in error that defendant in error was a tenant at sufferance and therefore not entitled to the rights and privileges of a tenant, suffice it to say that until a tenant is lawfully evicted he is, to all intents and purposes, a tenant, and, as such, entitled to all the rights and privileges which the law extends to tenants.
 

 We find no error in the refusal of the trial court to give the special charge requested.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Zimmerman, JJ., concur.