Per Curiam.

The principal error complained of is the giving by the trial court of the two following special charges at the request of the defendant:
“The court instructs you as a matter of law that if you find that the plaintiff, J ean Reep, was guilty of negligence which directly caused or contributed in the slightest degree to the proximate cause of the accident, then your verdict must be for the defendant, The Greyhound Corporation.”
“The court instructs you as a matter of law that if you find that the plaintiff, Jean Reep, in the exercise of ordinary care should have ascertained before making the left turn into her driveway off of Route 18 that such turn could be made with reasonable safety, and that she failed to do so and that such failure directly caused or contributed in the slightest degree to the proximate cause of her injuries, then your verdict must be for the defendant, The Greyhound Corporation.”
The principal point of attack in both these charges is the use of the phrase, “in the slightest degree,” and it is argued that this phrase is particularly vicious when used in conjunction with the phrase, “guilty of negligence,” the use of which we agree was unfortunate. In fact, in spite of some of the previous pronouncements of this court, a majority of our members are of the opinion that the use of the phrase, “in the slightest degree,” in connection with contributory negligence in a charge to a jury constitutes error.
In spite of this conclusion, we are not, under the circumstances of the present case, disposed to here hold that the giving of these charges constituted prejudicial error, and the judgment of the Court of Appeals is, accordingly, affirmed. See *201 Chesrown v. Bevier, 101 Ohio St., 282, 128 N. E., 94; Bartson v. Craig, an Infant, 121 Ohio St., 373, 169 N. E., 291; Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672; Plotkin v. Meeks, 131 Ohio St., 493, 3 N. E. (2d), 404; and Plas v. Holmes Construction Co., Inc., 157 Ohio St., 95, 104 N. E. (2d), 689.

Judgment affirmed.

Zimmerman, Taft, Matthias, Herbert and Peck, JJ., concur.
Weygandt, C. J., and Bell, J., dissent.