Plaintiff-appellant Drew E. Schneider, d.o.b. June 20, 1958, ("Schneider") appeals from the granting of summary judgment in favor of defendant-appellee-movant Associated Estates Realty Corporation ("Associated") in this premises liability negligence action. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Associated is the owner of the Pine Crest Apartments complex located at 8692 Broadview Road, Broadview Heights, Ohio. That building complex is in the basic shape of the letter "U" with a parking lot at the open end of the U and a grassy common area toward the closed end of the
U. The parking lot and the entrance to the building was illuminated by electric lights. At the time of this action, Schneider leased an apartment at the complex.
On December 28, 1994, at approximately 7:30 to 8:30 p.m., Schneider left his apartment to go shopping. A light layer of snow, approximately one inch in depth, covered the ground, but left the top of the grass exposed. See Schneider's deposition at 12. Rather than use the illuminated sidewalk provided for pedestrian use around the grassy area to the parking lot, Schneider cut across the grassy common area to get to the parking lot and his car. He testified that he had never walked across the grassy area before. Id. at 15. As he traversed the grassy area, Schneider stepped onto a recessed drainage grate which was located in the middle of that area and fell, injuring his left elbow. See Complaint at paragraphs 3 and 5. Schneider testified that the grate was not visible due to the presence of the light layer of snow and leaves and grass which were under the snow and further concealed the grate from ready view. See Schneider's deposition at 21.
Schneider filed the action sub judice on December 26, 1996, alleging that Associated was negligent in failing to maintain the premises in a safe condition, failing to warn of a dangerous condition, failing to abate the nuisance, and failing to maintain adequate lighting. See Complaint at paragraph 4. Associated filed its motion for summary judgment on November 25, 1997. This motion was supported by: a copy of Schneider's deposition by the defense; a copy of the complaint; and, copies of case law. Schneider filed his brief in opposition to summary judgment on December 16, 1997. This brief in opposition was supported by: a copy of Schneider's deposition by the defense; Schneider's affidavit; black and white photocopies of photographs depicting Schneider's injured arm, the drainage grate and the surrounding depression, and the overall grassy common area; a copy of R.C.5321.04; a copy of Associated's responses to Schneider's first set of interrogatories propounded upon Associated; and, copies of case law. The trial court granted the motion for summary judgment, without opinion or elucidation using a half-sheet status form entry, on January 16. 1998. Court Journal Vol. 2171, page 956. This appeal followed presenting two assignments of error. These assignments will be discussed jointly.
 I "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE MATERIAL FACTS IN DISPUTE AS TO THE LIGHTING CONDITIONS ON THE DEFENDANTS PREMISES."
 II "THE TRIAL COURT ERRED IN APPLYING THE STEP IN THE DARK RULE TO THE INSTANT CASE BECAUSE THIS RULE APPLIES ONLY TO CASES INVOLVING "TOTAL DARKNESS AND NOT WHEN THE TESTIMONY INDICATES THE PREMISES WERE ILLUMINATED TO SOME DEGREE."
The court notes that the standard of review for a summary judgment ruling was generally stated in State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 448-449, as follows:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977). 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
* * *
 Summary judgment is appropriate where the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. off Texas (1991), 59 Ohio St.3d 108. 570 N.E.2d 1095, paragraph three of the syllabus; State ex rel. Morley v. Lordi
(1995), 72 Ohio St.3d 510, 513, 651 N.E.2d 937, 940. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56 (E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
Also see Celotex v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548,91 L.Ed.2d 265.
Subsequent to Tompkins, in the recent case of Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 144-145, the Ohio Supreme Court limited the third paragraph of the syllabus of Wing, supra, by reasserting reliance on Dresher v. Burt (1996),75 Ohio St.3d 280, 293:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Footnote omitted; Italicization in original.)
In our review of the motion for summary judgment, we are also mindful that such appellate review is de novo. Koos v. Cent. Ohio Cellular Inc. (1994), 94 Ohio App.3d 579.
To establish a negligence claim, a plaintiff must demonstrate the following: (1) the existence of a duty; (2) a breach of this duty; and, (3) injuries proximately resulting from that breach of duty. Strother v. Hutchinson (1981), 67 Ohio St.2d 282. It is uncontested that Schneider, as a tenant, was an invitee of the possessor of the premises at the time of the accident. As such, Associated had a duty to exercise ordinary or reasonable care for his safety and protection, and this includes having the premises in a reasonably safe condition and warning him of latent or concealed defects or perils of which the possessor has or should have knowledge. See Patete V. Benko (1986), 29 Ohio App.3d 325,327, 328. However, a landlord has no common-law duty to illuminate a parking lot. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph one of the syllabus. As to darkness being a factor in a trip-and-fall situation on the premises of a building owner, it must be remembered that darkness itself constitutes a sign of danger and the person who disregards a dark condition does so at his or her own peril. Id. at paragraph three of the syllabus; accord, Brandimarte v. Packard (May 18, 1995), Cuyahoga App. No. 67872, unreported.
Associated's motion for summary judgment was premised on the application of Ohio's "step-in-the-dark" rule in an effort to defeat Schneider's allegation that the breach of the duty owed him was the proximate cause of his injuries. Appellant argued that this rule, which applies to situations involving total darkness, was not implicated because there was ambient lighting partially illuminating the scene at the time of the accident. This rule relating to the negligence element of proximate cause was examined in Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 276, as follows:
 "The step-in-the-dark rule, as enunciated by Ohio courts, holds generally that one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law.
 Flury v. Central Publishing House (1928), 118 Ohio St. 154, 160 N.E. 679; McKinley v. Niederst (1928), 118 Ohio St. 334, 160 N.E. 850.
 "Where the evidence is conflicting on the issue of contributory negligence or where a combination of circumstances exists requiring a determination as to the credibility of witnesses in order to deduce the true facts relative to the issue of contributory negligence, then no inference of a lack of ordinary care arises and the ultimate resolution of this issue is solely within the province of the jury. Rothfuss v. Hamilton Masonic Temple Co. (1973), 34 Ohio St.2d 176, 297 N.E.2d 105; Chardon Lakes Inn Co. v. MacBride (1937), 56 Ohio App. 40, 10 N.E.2d 9.
 "The step-in-the-dark rule merely raises an inference of the lack of prudence and ordinary care on the part of the plaintiff. If conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of
darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness, then clearly an inference of contributory negligence does not arise. Evidence of this nature presents a factual question for determination by the jury.
Rothfuss, supra, 34 Ohio St.2d 176, 297 N.E.2d 105; Painesville Utopia Theatre Co. v. Lautermilch (1928), 118 Ohio St. 167, 160 N.E. 683; Chardon Lakes Inn Co., supra, 56 Ohio App. 40, 10 N.E.2d 9; Plotkin v. Meeks (1936), 131 Ohio St. 493, 3 N.E.2d 404." (Emphasis added.)
Despite appellant's argument that the rule does not apply, appellant claimed in his Complaint that Associated failed to provide adequate lighting so as to protect the tenants from a hazard in the common area which was not readily discernible. In practical effect, appellants arguments seek to have it both ways. Either the scene was too dark which prevented him from observing the drain, in which case appellant was negligent for cutting across the grassy common area and failing therein to appreciate the danger concealed by the darkness and take steps to protect himself from those hazards in the dark. Jeswald v. Hutt, supra;LaCourse v. Fleitz (1986), 28 Ohio St.3d 209. On the other hand, if there was sufficient lighting, viz-a-viz ambient illumination which admittedly permitted appellant to see where he was walking, then appellant was negligent in failing to observe the open and obvious nature of the irregularity in the surface of the grassy common area caused by the depressed drain. In either event, appellant was negligent as a matter of law and the trial court properly granted summary judgment on the Complaint.
Assignments overruled.
Judgment affirmed.
This cause is affirmed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JOHN T. PATTON, J. CONCURS:
 TERRENCE O'DONNELL, P.J., CONCURS; IN JUDGMENT ONLY.
___________________ JAMES D. SWEENEY JUDGE