I must respectfully dissent from the majority as I would affirm the trial court's grant of summary judgment in favor of appellee Anthony Allega Contractors, Inc., as well as the grant of summary judgment in favor of co-appellee City of Cleveland.
A review of the facts leads to the inescapable conclusion that, at the time of her accident, appellant Cynthia Ann Sanders was a trespasser. A sign was posted in the area where the accident occurred which read, "Pedestrians and Bicycles Prohibited." The area under repair was marked with bright orange construction barrels. Ms. Sanders herself testified that the area was completely dark and that she was only able to navigate the dirt terrain by watching her husband's back in front of her. The only duty owed by property owners to trespassers is to refrain from wanton, willful or reckless conduct. Gladon v. Regional TransitAuthority (1996), 75 Ohio St.3d 313 [75 Ohio St.3d 312], 317;Jeffers v. Olexo(1989), 43 Ohio St.3d 140, 539 N.E.2d 614.
In Simmers v. Bentley (1992), 64 Ohio St.3d 642, the Supreme Court differentiated between the duty owed by a property owner and the duty owed by an "independent contractor who creates a dangerous condition on real property" to warn invitees of open and obvious hazards. Id. at 645. The Simmers Court held that independent contractors had a duty to warn those entering the property of open and obvious dangers which were created by the independent contractor.[1] The majority opinion correctly recognizes that the existence of a duty on the part of Allega to warn the appellants of the presence of the hole depended upon the foreseeabilty of the injury. An injury is foreseeable where a defendant knew or should have known that its act was likely to result in harm to someone. Huston v. Konieczny (1990), 52 Ohio St.3d 214; Commerce Industry v. Toledo (1989), 45 Ohio St.3d 96.
It is not apparent to me from the record before this court that Allega knew, or should have known, that the appellants would traverse across a freeway entrance ramp in total darkness and step into a hole which had been dug for the purpose of replacing a guardrail. Additionally, the majority opinion seems to assume that there were no warnings in the area where the accident occurred. To the contrary, there was a sign posted which stated that pedestrian traffic was prohibited on the entrance ramp. Additionally, appellant Brian Sanders testified that he observed a number of orange construction barrels in the area where Ms. Sanders fell. Thus, even if the accident was foreseeable, appellee Allega fully complied with its duty to provide a warning of any dangerous condition.
The majority opinion states that the appellants were "carried along by a flow of pedestrians" across the entrance ramp to a major freeway and into the restricted area of the freeway where guardrails were being replaced. There is no evidence that the appellants took the shortcut across the highway entrance ramp involuntarily. The appellants admitted that they, and the rest of their group, took a different route (one that consisted of following the well-lit and paved sidewalks expressly provided for pedestrian traffic) on their way into the game. The mere fact that a large number of people also decided to trespass across a freeway to save a few minutes, does not change the legal status of the appellants, nor does it excuse their failure to use ordinary care to ensure their own safety.
I also am of the opinion that the appellants are barred from recovery by the "step in the dark" doctrine. During her deposition, Ms. Sanders testified as follows:
 Q: Do you remember was the sun up or down at that point?
A: It was down. It was dark.
Q: It was dark out?
A: It was very dark.
Q: Had it completely set or was it dusk?
A: It was very dark.
 Q: Was there any lighting where the accident occurred?
A: No.
Q: There were no street lights.
A: No.
* * *
 Q: And did you take precautions for your own safety in terms of walking in the dark in an area that was unlit?
 A: I just remember saying — I just said to my husband before I fell, it would be a shame if there were lights on we could see where we were going. I was paying attention to his back.
 Q: Had you been paying attention to where you were walking would you have been able to avoid falling in the hole?
 A: It was just too dark to see anything that if I was looking down at that time at the ground[.] I wouldn't have seen it.
Where darkness is a factor in an alleged negligence situation, it must be remembered that darkness itself constitutes a sign of danger and the person who disregards a dark condition does so at his or her own peril. Gabel v. Apcoa, Inc. (Oct. 21, 1999), Cuyahoga App. No. 74794, unreported; Schneider v. AssociatedEstates Realty (Mar. 4, 1999), Cuyahoga App. No. 73981, unreported. To this end, Ohio courts have adopted a step-in-the-dark rule which provides:
 The step-in-the-dark rule, as enunciated by Ohio courts, holds generally that one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law. Flury v. Central Publishing House (1928), 118 Ohio St. 154, 160 N.E. 679; McKinley v. Niederst (1928), 118 Ohio St. 334, 160 N.E. 850: Gabel v. Apcoa, Inc., supra.
Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271,276, 344 N.E.2d 334; see, also, Manofsky v. Goodyear Tireand Rubber Co. (1990), 69 Ohio App.3d 663, 666, 591 N.E.2d 752.
In Posin, supra, the Supreme Court stated further:
 Where evidence is conflicting on the issue of contributory negligence or where a combination of circumstances exists requiring a determination as to the credibility of witnesses in order to deduce the true facts relative to the issue of contributory negligence, then no inference of a lack of ordinary care arises and the ultimate resolution of this issue is solely within the province of the jury. Rothfuss v. Hamilton Masonic Temple Co. (1973), 34 Ohio St.2d 176, 297 N.E.2d 105; Chardon Lakes Inn Co. v. MacBride (1937), 56 Ohio App. 40, 10 N.E.2d 9.
 The step-in-the-dark rule merely raises an inference of the lack of prudence and ordinary care on the part of the plaintiff. If conflicting evidence exists as to the intentional nature of the step into the dark, the lighting conditions and degree of darkness, the nature and appearance of the premises, or other circumstances exist tending to disprove a voluntary, deliberate step into unknown darkness, then clearly an inference of contributory negligence does not arise. Evidence of this nature presents a factual question for determination by the jury. Rothfuss, supra, 34 Ohio St.2d 176, 297 N.E.2d 105; Painesville Utopia Theater Co. v. Lautermilch (1928), 118 Ohio St. 167, 160 N.E. 683; Chardon Lakes Inn Co., supra, 56 Ohio App. 40, 10 N.E.2d 9; Plotkin v. Meeks
(1936), 131 Ohio St. 493, 3 N.E.2d 404.
I am not unmindful that principles of comparative negligence have superseded the doctrine of contributory negligence as an absolute bar to recovery under R.C. 2315.19. However, the advent of comparative negligence analysis does not necessarily preclude an award of summary judgment. Purpera v. Asamoto (June 22, 1995), Cuyahoga App. No. 67917, unreported. In Purpera, this court, citing Mitchell v. Ross (1984), 14 Ohio App.3d 75, which was a post-comparative negligence case, stated:
 Summary judgment may be granted to defendants in a negligence suit where, after construing the undisputed evidence most strongly in favor of plaintiff, a reasonable person could only conclude that the contributory negligence of the plaintiff was greater than the combined negligence of the defendants.
The appellants admit that they were aware that there were well-lit sidewalks available for them to utilize in order to return to their parking lot, but that they, nonetheless, decided to take a shortcut across a busy freeway entrance ramp and an unlit construction area. Ms. Sanders stated in her deposition that the area where she fell was "just too dark to see anything." There is no question but that the injury sustained by Ms. Sanders would not have occurred if she had simply exercised ordinary and reasonable care in choosing her route back to the parking lot.
Clearly, the appellants' negligence as it relates to their own disregard for their personal safety, was greater than the negligence of Allega in failing to anticipate pedestrian traffic on a freeway. Thus, summary judgment was appropriately entered by the trial court because the contributory negligence of the plaintiffs was greater than the combined negligence of the defendants.
[1] The Simmers opinion did not specifically address the issue of duty owed by an independent contractor to a trespasser. The injured party in that case was a fourteen-year-old boy who was walking on a walkway on a railroad bridge that ran parallel to the tracks when he fell through a fifteen-and-a-half by four-foot hole in the walkway. It was undisputed in Simmers that the defendant was aware of the fact that the bridge was used by pedestrians, including children, on a regular basis, making the injury foreseeable. In this case there is no evidence which suggests that the appellee knew that the pedestrians regularly used the freeway entrance ramp as a walkway.